Stayton, J.

---

# WESTERN UNION TELEGRAPH CO. V. J. H. BROWN.

## IN SUPREME COURT, TYLER TERM, 1884.

*Cause of Action.*—The character of the cause of action is determined by the facts set forth as the basis of recovery ; if these are the same in the original and amended petitions, then the latter does not set up a new cause of action, though it may change the form of the prayer and ask a larger measure of relief.

*Damages.*—In an action for damages the plaintiff must show, not merely that he has been injured by the wrongful act or omission of the defendant, but with a reasonable degree of certainty, *how much* he has been injured.

Appeal from Tarrant county.

### STATEMENT

#### [By the Editor.]

This is the second appeal in this case—the decision upon the for-

mer appeal will be found fully reported in 58 Texas, 172. After the
filing of the opinion and mandate, and on the 30th day of April
1883, the plaintiff filed his amended original petition, which was an
exact reproduction of the original, save a change of the words "*grea*
damage" to "*actual* damages" and further alleges—"that said defen-
dant, being as hereinbefore set forth and related, a corporation, acted
in the premises by and through its agents and servants, and that the
said J. F. Brigance was the agent, operator and manager of the tel
egraph offices of defendant at the said city of Fort Worth, and i
was the said Brigance duty to forward and transmit said message
from said place of Fort Worth and to see that the same was proper
ly repeated, or, if it was not heard from within a reasonable time
to enquire after the same and report the non arrival of the same
That there were divers other agents and operators and employes o
defendant whose names are unknown to plaintiff, who were in charg
of and were employed in the telegraph office of defendant at Dal
las, Texas, the next intermediate station to Fort Worth, from which
last named place said message should have been again repeated an
forwarded, and it was then and there the duty of said agents, oper
ators, and employes at Dallas to repeat and forward plaintiffs' sai
message ; but that both the said Brigance, and the said agents
operatives, and employes at Dallas wilfully failed and refused t
perform their respective duties in the premises, and were guilty o
the gross and wilful negligence and conscious indifference, in th
matter of sending and transmitting plaintiff's said message in man
ner and form as hath herein before been set forth and related ; ye
plaintiff avers that said defendant corporation, after having bee
fully notified of the gross and wilful negligence and conscious indi
ference of the said Brigance, and its other agents, operators an
employes at Dallas, ratified and adopted their said acts and wrong
and after due demand and notification by plaintiff, wholly refuse
to pay plaintiff any damages whatsoever that he had sustained
the premises, and wholly failed and refused even to repay him h
money, taken by its said servants and agents as the price of th
transmission of said message ; but had kept and appropriated th
same, and now keeps and withholds the money thus fraudulent
obtained from the plaintiff, and has converted the same into i
treasury, and has not only failed and refused to return said mone
but still keeps the said Brigance, and the other said Dallas agen

and servants in its employ, without even a reprimand. Wherefore plaintiff says that said defendant is liable to and ought to pay plaintiff the sum of ten thousand dollars as exemplary and punitory damages, in addition to his said actual damages. Therefore plaintiff prays judgment against defendant for ten thousand dollars actual damages, and for the further sum of ten thousand dollars exemplary damages, and for costs, etc."

### OPINION.

It would be impossible within any reasonable limits, to discuss in detail the numerous assignments of error presented in the record. Nor is such a discussion at all necessary, as there are only two or three important questions to be determined in the case.

The first of these questions is—did the court err in overruling these exceptions of the defendant which presented the defense of limitation against the amended original petition ? The pleading last named was filed on the 30th of April, 1883. The defendant insists that it set up a new cause of action, which was barred by the limitation of two years.

If the amended petition set up a new cause of action, the ruling of the court below was an error ; but if he did not, then the ruling should be sustained.

Our opinion is, that the amendment does not set up a new cause of action. In the original petition, the charges of gross negligence, wrong, etc., are all made directly against the company. Nothing is said about the acts of the agents. These charges, allegations, etc., are ample to sustain a claim for all the actual damages resulting directly from the acts complained of. In his prayer he asked for $100 actual damages, and $10,000 examplary damages. There was also a prayer for general relief. But the character of the cause of action is to be determined not merely by the prayer for relief, but by the facts set forth as the basis of recovery. If these are substantially the same in both petitions, then the latter does not set up a new cause of action, although it may change the form of the prayer and ask a larger measure of relief. (Ball v. Britton, 58 Tex., 57 ; Lee v. Bontwell, 44, Tex., 151.)

The next and only remaining question of importance is, whether the verdict is sustained by the evidence. We may admit that the

negligence of the defendant is fully established, and that damages t
the plaintiff is proven. But that is not sufficient. In a suit like thi
the plaintiff ought to show, not merely that he has been injured b
the wrongful act or omission of the defendant; but it should b
made to appear, with some reasonable degree of certainty, how muc
he has been injured. Actual damages are given as compensation
and unless there is a criterion furnished by which the jury can reason
ably estimate the proper amount of compensation, their verdict mus
be, to some extent, conjectural. The evidence clearly shows tha
protest of a merchant's paper, under the circumstances of this cas
is no light thing. It is certain to cause pecuniary loss, troubl
anxiety and apprehension; and it may bring disaster and ruin. A
these except the last is brought upon the plaintiff. He was doing
grocery business amounting to $750,000 a year; he owed a larg
amount of money, and his business relations extended to the princ
ple cities of the country. When the news of the protest came, he wa
filled with apprehension, lest his creditors should rush upon him, th
consequence of which he could hardly even conjecture. He dare
not send out an order for goods for fear it would be refused. H
was compelled to cut down his stock, and partially suspend h
business for thirty days, until his creditors were reassured and h
business relations re-established. He shows that he had been grea
ly damaged, but could not tell how much. This is the sum an
substance of the testimony as to the actual damages sustained b
the plaintiff; and the jury assessed the actual damages at $6000.

Now the question arises, by what process did the jury arrive at the
particular sum? Might they not, with equal propriety have returne
a verdict for almost any other sum—say two, three, four, five,
seven thousand? The objection to this evidence is, that it is too vagu
We do not mean to say that the facts should be stated with th
minuteness of an account; but the evidence should furnish a bas
upon which the jury could approximate with reasonable certainty, th
actual damages sustained. For instance, the plaintiff could hav
given some estimate of the extent to which his stock was cut dow
and his trade diminished during that month; some idea of th
profits per month—in a word, the facts upon which he based h
claim to actual damages.

Upon the case of exemplary damages, we do not think proper t

make suggestions. The minor questions presented in the record are not of sufficient importance to require discussion.

Our opinion is that the judgment should be reversed and the case remanded.

Delany, J.