DANIEL LEE v. WILLIAM BOUTWELL.

1. PRACTICE.—In a suit for breach of a verbal contract, if the plaintiff pray for general relief, he may recover whatever the facts alleged and proved will entitle him to, although he may have also prayed for a special relief, for which the facts of his petition, as alleged, do not constitute an appropriate predicate.

2. LIMITATION.—The plea of limitation cannot be interposed to an amended petition, in a suit for damages for breach of contract, on the ground that the amendment sets up a new and different cause of action, barred after the filing of the original petition, if the facts

alleged as the basis of recovery are substantially the same in the original and amended petitions, though the form of the breach be different.

Error from Hunt. Tried below before the Hon. W. H. Andrews.

*Bennett & Lewis*, for plaintiff in error.

*J. A. Poage*, for defendant in error.

Roberts, Chief Justice.—Boutwell recovered a judgment against Lee in the court below, and the error complained of was the refusal of the court to give a charge to the jury of the statute of limitations of two years as applicable to the cause of action set up in the amended petition of plaintiff.

The original petition stated that the plaintiff and defendant had entered into a verbal contract for the plaintiff to take charge of a stock of horses, and take care of them for three years, beginning on the first day of April, 1872, for which he was to receive every fourth colt of the increase of said herd of horses; that in order to carry out said contract the plaintiff quit his farming business for that year, built houses and pens, laid in salt and other provisions, hired hands necessary to gather and attend to the stock, alleging the value of each of these expenditures, and continued to perform his duty in the business until the tenth day of June, 1872, when defendant, without any fault of him, the plaintiff, took the stock out of his possession, and continued so to retain them without his consent; that by said wrongful acts of defendant he has sustained damages in the sum of seven hundred dollars; that afterwards, upon his demanding compensation for the taking away from him of the said stock of horses, the defendant promised to pay the plaintiff whatever compensation four certain men, naming them, should say he, defendant, should pay to plaintiff; that said men had agreed, and said that defendant should pay to the plaintiff three hundred and fifty dollars in horses,

and that, though the same had been demanded, the defendant refused to pay the same, to the damage of the plaintiff seven hundred dollars ; for which he prayed, and also for general relief.

It is to be observed that, although this petition in form appears to be founded upon a breach of the verbal contract, which was not to be performed entirely within one year, and is contended to be void as a contract under the statute of frauds, the facts alleged as the basis of recovery are the labor and expenditures of plaintiff in performing for the defendant what he had undertaken to do, and not the probable value of the net profits of every fourth colt, of which he had been deprived by a breach of the contract on the part of the plaintiff. Where the plaintiff has prayed for general relief he may recover whatever the facts alleged and proved will entitle him to, although he may have prayed for a special relief, for which the facts of his petition as alleged do not constitute an appropriate predicate.

Two years after the filing of the original petition, to wit, 7th of October, 1874, the plaintiff amended his petition, recapitulating the facts previously stated, except as to the assessment of compensation by the referees, adding thereto the value of his services from the first of April to the tenth day of June, 1872, alleging the services to have been rendered and the expenditures made by him for and at the instance of the defendant, and his promise to pay their reasonable value, which he had failed to do ; and prayed for damages in the sum of four hundred and twenty-five dollars, and general relief.

To this amended petition the defendant pleaded the statute of limitations of two years, assuming thereby that the amended petition set up a new cause of action different from that set up in the original petition.

If we look to the form of the breach alleged in the original and amended petition, and make that the test of the cause of action, it would be different in the one from the

other ; but if we look to the facts alleged as a basis of re-
covery, to wit, the services of plaintiff and his expenditures
in attending to the business for which he was employed by
the defendant, they are substantially the same in the orig-
inal and amended petition.    The cause of action under our
system of pleading depends upon the facts stated in the
petition that are appropriate for a recovery rather than
upon the particular breach laid, or the specific relief prayed,
where there is a general prayer for relief, which, of course,
must be understood to have reference and applicability to
the facts alleged, whether the specific relief as specially
prayed be granted or not.

The court did not err in holding this amendment not to
present a new and different cause of action.

This court has held that a recovery might be had for
labor performed and expenses incurred in the necessary
preparation for carrying out such a contract, which failed
to be carried out by the death of one of the parties.    (Ray
*v.* Young, 13 Tex., 550.)

There being no error the judgment is affirmed.

AFFIRMED.