## CHARLES J. BALL v. J. H. BRITTON.

### (Case No. 4500.)

1. PARTNERSHIP — DURATION OF — WRONGFUL EJECTION FROM — MEASURE OF DAMAGES — EXEMPLARY DAMAGES. — By the terms of a partnership agreement entered into by Ball & Britton in September, 1878, Britton was to furnish the money, and Ball was to superintend the erection of buildings and machinery for manufacturing and selling ice, and to superintend the operation of the business, the net profits to be divided equally. During the construction of the works Britton was to advance to Ball monthly $75, to be returned out of Ball's share of the profits. Ball filed his petition alleging this agreement; that the construction was complete, and the works put in operation May 22, 1879, and operated until September 20, 1879, clearing $3,000 net profits, when Britton, by threats and force, ejected him from the business; that Ball's services rendered were worth $10,000, and that he had only received $1,040; estimating the annual profits at $5,000, and claiming large damages, actual and exemplary. This petition was excepted to as showing no cause of action except for plaintiff's share of profits up to the dissolution, and this and other exceptions were sustained. *Held:*

(1) That the agreement evidently contemplated the continuance of the partnership after the repayment of the sums advanced, and that the petition stated a cause of action in the wrongful exclusion of Ball from the partnership business.

(2) That the agreement having fixed no time for the duration of the partnership, the measure of damages for its wrongful dissolution by Britton would not be Ball's share of the profits for any specific time, but would be the value of his services, skill, etc., in constructing the building and operating the partnership.

(3) That an amended petition setting up no new basis for the suit, but enlarging the actual damages claimed, and claiming exemplary damages, did not set up a new cause of action.

(4) See the opinion for remarks on the case made by the petition as one for exemplary damages.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

Charles J. Ball filed his petition in district court of Grayson county on the 22d day of October, 1879, alleging in substance that plaintiff and defendant entered into a copartnership about the 1st day of September, 1878, for the purpose of erecting ice works in Sherman, Texas, and manufacturing and selling ice for profit, by which appellee was to furnish the money necessary to buy machinery and erect buildings, etc., and appellant was to superintend the erection of the works and also to superintend its operations, the net profits to be equally divided between them. During the construction of the works, appellee was to advance to appellant $75 per month, to be returned out of his share of the profits. The proposition was made by appellant in writing and accepted verbally by appellee; that appellant was possessed of the necessary scientific knowledge and skill, and did superintend the construction of

the ice works; put the same in operation on the 22d of May, 1879, and operated the same successfully until about the 20th day of September, 1879. That during that time the works cleared $3,000 net profits, and would have made $4,000 net profits during the season; that the works would have made clear each succeeding year $5,000, and his interest in the profits of the business was worth $8,000. That on September 20, 1879, by threats to take his life, by calling him a pauper, a liar and a thief, and ordering one John P. Toliver to knock his brains out if he attempted to superintend the business, appellee forcibly evicted appellant from the business, and took possession of the same and continued to hold it, appropriating the profits thereof to his own use, to appellant's damage $10,000; that the scientific knowledge, skill and labor exercised and employed by appellant in erecting the works were reasonably worth the sum of $10,000, and that defendant had refused to pay him anything for his interest in the profits made in said business, or for his labor performed, except $1,040.

On the 6th day of October, 1881, plaintiff filed his first amended original petition, in substance the same as the original, in which it was charged that for two years past the net profits of the business had been $5,000 per annum, and would be $5,000 per annum, charging the damages at $25,000 instead of $8,000, and claiming vindictive damages at $5,000. Defendant filed an amended answer September 20, 1880, and supplemental answer October 6, 1881, in which were various grounds of exceptions, some of which the court sustained, and dismissed the cause, from which judgment plaintiff appealed.

The petition alleged that plaintiff submitted to defendant a proposition in writing as follows, to wit:

"SHERMAN, TEXAS, Sept. 1, 1878.
" J. H. BRITTON:

" *Sir* — I propose to superintend the construction and operation of your ice works for one-half of the net profits, $75 to be advanced and charged to me monthly, until my share of the net profits cancels (repays) the whole amount so advanced. In no case are the profits to be reduced by charges of additions or improvement or alteration for the cost of the buildings or machinery.

"CHAS. J. BALL."

Which proposition was accepted verbally by defendant.

Among other exceptions to plaintiff's amended original petition were the following, which were sustained:

1st. It shows no cause of action except for the plaintiff's share of the profits up to the time of the dissolution of the firm, as shown by the petition.

. . . 4th. The petition shows that the time for which the contract was to continue, to wit, until the repayment of the $75 per month to plaintiff, had expired.

The second exception contained in the supplemental answer was as follows:

2d. Plaintiff's cause of action, as to the vindictive damages claimed, accrued more than two years before the filing of the amended original petition, and is therefore barred by the one and two years' statutes of limitation.

The court sustained each of these exceptions, and, the plaintiff declining to amend, dismissed the case, on the ground that the pleadings as they then stood stated a demand for only $452, interest in the profits, and that the court had no jurisdiction of the case.

*Throckmorton, Brown & Bryant*, for appellant.

I. The contract between plaintiff and defendant constituted a partnership in which the future profits of the business were to be equally divided. Brinkley v. Harkins, 48 Tex., 225; Hunt v. Reilly, 50 Tex., 99; Parsons on Part., marg. p. 48.

II. Britton having dissolved the partnership wrongfully, appellant had a right of action against him for the damages caused thereby, the measure of which is the profits of the business. Hunt v. Reilly, 50 Tex., 99; Howell v. Harvey, 5 Ark., 280; Vance v. Blair, 18 Ohio, 532; Bagley v. Smith, 10 N. Y., 489; Griffin v. Colver, 16 N. Y., 489.

III. The partnership being without limit as to time, appellee had the power to dissolve it at will, but a court of equity will adjust their rights and redress any wrong done by such dissolution. Parsons on Part. (5th ed.), p. 417; Vance v. Blair, 18 Ohio, 532.

IV. The time and manner in which appellee dissolved the partnership showed fraud, malice and oppression on his part, and appellant had the right to recover exemplary damages. Cole v. Tucker, 6 Tex., 268; Smith v. Sherwood, 2 Tex., 460; Craddock v. Goodwin, 54 Tex., 578; Jones v. Steamship, 17 Cal., 487; Sedgwick on Damages, 242, note 1.

V. If appellee had the right to dissolve the partnership, appellant had the right to be compensated for his skill and labor bestowed in erecting the ice works. Lee v. Boutwell, 44 Tex., 151; Ray v. Young, 13 Tex., 550.

VI. The original petition alleged the same cause of action as to vindictive damages as the amended petition, and the amended petition set up no new cause of action. Jones v. George, decided at Galveston term, 1882; Jones v. Burgett, 46 Tex., 284; Hill v. Clay, 26 Tex., 650; Becton v. Alexander, 27 Tex., 659; Lee v. Boutwell, 44 Tex., 151; Thouvenin v. Lea, 26 Tex., 612; Hollis v. Chapman, 36 Tex., 1.

*Hare & Head*, for appellee

I. The petition showing on its face that by the terms of the contract of partnership no time was fixed for its continuance, and that either party could dissolve it at will, no damage could be recovered for future profits after such dissolution. 1 Parsons on Con. (5th ed.), 195; Pollock's Dig. Law of Part., p. 81; Sedgwick on Dam. (5th ed.), p. 100, note 1; Skinner v. Tinker, 34 Barb., 332.

II. The petition showing that Britton had the right to dissolve the partnership at the time he did, his exercising his right to do so was not wrongful, and he was not liable for future profits by reason of such dissolution. See authorities under first counter proposition above, especially 1 Parsons, and Skinner v. Tinker, 34 Barb., 333.

III. Exemplary damages are not recoverable for breach of contract. H. & T. C. R. R. Co. v. Shirley, 54 Tex., 141, 142.

IV. Appellant's services being a part of the contract, he could not recover beyond its terms. Sedgwick on Dam. (5th ed.), 216, 217.

V. If there was any time limited by the contract for the continuance of the partnership, it was until the $75 per month advanced by Britton to Ball had been repaid out of the net profits, and the petition showed that this had been done.

VI. Plaintiff's original petition only seeking the recovery of actual damages, his amended petition, in which the recovery of exemplary damages was sought, set up a new cause of action, against which limitation would run, and would also run against the additional actual damages claimed. Williams v. Randon, 10 Tex., 74; also authorities cited by appellant; Erskine v. Wilson, 20 Tex., 77; McLane v. Belvin, 47 Tex., 493; 45 Tex., 380.

DELANY, J. COM. APP.— Both parties to the suit agree in treating the proposition made by the plaintiff and accepted by the defendant as a contract of partnership. And the court below, in sustaining the defendant's fourth exception to the amended petition, seems to have held that, by the terms of the contract, the partnership ex-

pired as soon as the amounts advanced by the defendant to the plaintiff were repaid out of the plaintiff's share of the net profits. Upon this part of the case counsel for appellee, in their brief, present the following proposition: "If there was any time limited by the contract for the continuance of the partnership, it was until the $75 per month advanced by Britton to Ball had been repaid, and the petition shows that this had been done."

We cannot regard this as a correct interpretation of the contract. The proposal made and accepted evidently contemplated the continued existence of the partnership after the repayment of the sums advanced. The stipulation for the advance of $75 per month was probably rendered necessary by the pecuniary condition of the plaintiff. He must necessarily have been engaged many months in erecting the building and putting the machinery in place, before any profits would accrue; and therefore the defendant agrees to advance to him in the meantime $75 per month. But the stipulation for the repayment of these sums out of the plaintiff's share of the net profits was for the sole benefit of the defendant, and was utterly useless and unmeaning upon any other supposition than that of the continued existence of the partnership. Upon any other supposition the plaintiff pays twice for what he has received. Suppose the defendant had dissolved the partnership as soon as everything was in readiness to commence making the ice. The defendant would then have had all the property and all the benefit of the plaintiff's labor, and plaintiff would have had the amounts advanced — $75 per month. This would convert him into a hireling working at $75 per month. But suppose he had postponed the dissolution until he had received out of the plaintiff's share in the net profits all that he had advanced. The defendant would then own the entire property, including all that the plaintiff had put into it, and he would have paid back to him all that he had advanced.

But what would the plaintiff have? He would have nothing, after losing the time, labor and skill which he had invested, but the broken contract, upon which counsel tell us he could not maintain this suit.

Upon the supposition that the partnership was to continue, the parties were on an equal footing as soon as amounts advanced by the defendant were paid back to him. Their contributions to the enterprise must, for the purposes of this suit, be considered as equally productive — the defendant contributing his money, and the plaintiff his time, labor and skill; and they both looked to the profits for their compensation. The defendant owned the property,

but the plaintiff had invested in the enterprise and blended with the property what must have added greatly to its value.

We do not think, therefore, that the stipulations which we have been considering were intended to limit the duration of the partnership. Upon the subject of the dissolution of the partnership, appellee's counsel present these two propositions:

1st. " The petition showing on its face that by the terms of the contract of partnership no time was fixed for its continuance, and that either party might dissolve it at will, no damage could be recovered for future profits after such dissolution."

2d. " The petition showing that Britton had the right to dissolve the partnership at the time he did, his exercising his right to do so was not wrongful, and he was not liable for future profits by reason of such dissolution."

Any member of a firm may withdraw from it, or he may transfer his interest, or he may die, and either of these events will work a dissolution of the firm.

In such cases the partnership business is generally settled, and the members may have returned to them what they have put into it, together with their respective shares of the net profits, if any. In this case, if the parties had put into the business an equal amount of money, and the defendant had determined to withdraw from the firm, no doubt he might do so, but he could have taken away only the amount which he had contributed, with his share of the profits. But that is not the state of facts which the petition sets forth. The defendant did not withdraw from the firm. He expelled the plaintiff out of it; and he not only retained all that he had put into it, but he kept all that had been contributed by the plaintiff, except a certain portion of the profits. Although a member of a firm may withdraw from it, yet a majority of the members of a firm, consisting of more than two, cannot exclude a member without sufficient cause. Parsons on Part., side p. 384. Now, if a majority, where there are more than two, may not exclude one, it is difficult to see how one member of a firm, consisting of only two, can exclude the other. We think, therefore, that the petition set forth a good cause of action. But we cannot adopt the suggestion of appellant's counsel, that ten years would be a reasonable limit for the duration of the partnership, and that his damages should be assessed upon the basis of the profits of the business during that time.

The plaintiff, in his proposition to the defendant, fixed no time for the duration of the partnership, and we cannot fix any time in order to protect him against the consequences of his own neglect. Under

the circumstances, we think the measure of damages is the value of the services rendered by him, including his skill, his time and labor in constructing and operating the factory. Of course, from this would have to be deducted whatever he may have received of the profits, if anything, over and above what had been advanced to him by the defendant. This would be the measure of the actual damage. Counsel for appellee insist that appellant was not entitled to exemplary damages, and refer us to the case of R. R. Co. v. Shirley, 54 Tex., 125, to the effect that such damages are not recoverable upon a breach of contract. In the case before us, there was a breach of contract, certainly; but there was much more. The plaintiff was, with every circumstance of contumely, excluded from a business in which he had an interest, and from premises in which he had a right to work, at least for the time being. The defendant appears to have taken the law into his own hands, and to have closed the partnership in a manner entirely too summary to be sanctioned by a court of justice.

As to the exception which interposes the limitation of one and two years, our opinion is that the amendment did not set up a new cause of action, and that the exception was, therefore, improperly sustained. All the substantial grounds of action set out in the amendment were contained in an original petition — the only change being the enlarged measure of actual damages, and the claim of exemplary damages. Lee v. Boutwell, 44 Tex., 151. It is perhaps needless to remark, that all which we have said has reference to the allegations in the plaintiff's pleading which are admitted to be true by the exceptions.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.