TEXAS CENTRAL RAILROAD COMPANY v. D. R. JOHNSON.

Decided May 23, 1908.

**1.—Charge—Numerous Objections—Assignment of Error.**

An assignment of error directed to a specific part of a charge will be considered although numerous and contradictory objections are embraced therein, provided the objections are carried forward in appropriate propositions under the assignment.

**2.—Contributory Negligence—Definition.**

In a suit for personal injuries, the court defined contributory negligence as follows: "Contributory negligence means where the plaintiff does some negligent act or omits to perform some act which, co-operating with some negligent act or omission on the part of the defendant, contributes to and is the proximate cause of the injury." Held, in substantial compliance with approved forms.

**3.—Charge—Contributory Negligence—Proximate Cause—Invited Error.**

In a suit for personal injuries received by a passenger while attempting to board a moving train, charge of the court upon contributory negligence and proximate cause, considered, and held not reversible error, if error at all, in

view of a special charge requested by the appellant and embodying the same phraseology.

**4.—Same.**

In a suit for personal injuries, upon the issue of contributory negligence, the court charged the jury to find for the defendant if they found that plaintiff's contributory negligence was "the cause of his injury," instead of the proximate cause of his injury. Held, not reversible error in view of the evidence and other charges given.

**5.—Personal Injury—Measure of Damage—Charge Approved.**

Upon the measure of damages in a suit for personal injuries the court charged the jury as follows: "If under the foregoing instructions you find for the plaintiff, you should allow him such sum in money as damages as, in your judgment, if paid to him in cash at the present time, would fairly compensate him for the injuries, if any, you find he has sustained. In estimating or arriving at the sum or amount of damages, if any, which you may allow plaintiff, you will take into consideration the physical and mental suffering of the plaintiff, his loss of time, permanent injury, if any, his diminished capacity to earn money, if you find that his capacity to earn money had been diminished, resulting from the injuries, which you may find he sustained." Held, not subject to the objection that it authorized a double recovery.

**6.—Carrier—Employee as Passenger.**

In a suit by an employe against a railroad company for damages for personal injuries received while attempting to board one of the company's passenger trains, evidence considered, and held sufficient to show that plaintiff was a passenger at the time he was injured, and entitled to that high degree of care due by a carrier to a passenger.

**7.—Same.**

Where a railroad employe was directed by those in authority over him to alight from a passenger train at a certain station and obtain a pass upon which to continue his journey, it was negligence on the part of the company to start the train before a reasonable time had been allowed the employe to obtain the pass, and the company was liable for injuries received by him in attempting to board the moving train, in the absence of contributory negligence on the part of the employe in so doing.

**8.—Personal Injuries—Invalid Release.**

A release executed by a railroad employe to the company of all claims for damages for personal injuries received, considered, and held invalid and no defense to a subsequent suit for such damages.

Appeal from the District Court of Bosque County. Tried below before Hon. W. C. Moore, Special Judge.

*J. A. Kibler* and *Cureton & Cureton,* for appellant:—The court erred in this case in putting the burden upon appellant, that, before it could make out its defense of contributory negligence, it must prove that the negligent acts of appellee "were the cause of his injury;" whereas, it should only have been necessary for it to have proven that the negligent acts of appellee contributed to, or proximately contributed to his injury, without the extra burden imposed by the charge of showing such acts to have been the cause of his injury. Galveston, H. & S. A. Ry. Co. v. Hubbard, 70 S. W., 112; Railway Company v. Rowland, 90 Texas, 375; Culpepper v. Railway Co., 90 Texas, 627; Western Union Tel. Co. v. Rawls, 62 S. W., 137.

The two paragraphs of the charge which constitute the court's charge upon the measure of damages, are erroneous, in this, that a double re-

covery is authorized, permitted and required: either permanent injury or diminished capacity to earn money, might be an element of damage to be considered, but to authorize the jury to consider both, is to authorize them to award double damages; after the jury have in their minds allowed him a certain sum for permanent injury, under the law they could not allow him an additional sum for diminished capacity to earn money. Again, under this charge a double recovery was permitted in that his recovery for permanent injury and diminished capacity to earn money is not limited to the future, but is permitted to embrace the time from the date of the injury down to the present time, and thus in this case has, under the charge of the court necessarily permitted the plaintiff to recover twice for his loss of time, and twice for his diminished capacity to earn money. Texas & N. O. Ry. Co. v. McCraw, 43 Texas Civ. App., 247; St. Louis S. W. Ry. Co. v. Highnote, 74 S. W., 920; St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1067; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Texas Central Ry. Co. v. Brock, 88 Texas, 310; Houston City St. Ry. Co. v. Reichart, 87 Texas, 539.

An employe of a railroad company who travels on the train to his work is its servant and not its passenger. 1 Fetter on Carriers, sec. 217; 2 Labbatt on Master and Servant, sec. 624.

A civil engineer of the defendant, injured while traveling on line on duty for company, is an employe and not passenger. Texas & P. Ry. Co. v. Smith, 31 L. R. A., 321, 67 Fed., 524.

The fact that conductor receives and treats party as passenger does not make him so. Texas & P. Ry. Co. v. Scott, 64 Texas, 551.

The defendant in this case having plead that the plaintiff had executed to it a valid and binding release, a copy of which was set out in its pleadings, releasing the defendant from any and all damages and liability due to the accident and injury to him for which the suit is brought, and having plead that the nominal consideration named in the release was not the true consideration, but that the plaintiff would be permitted to remain in the services of the defendant under the same terms of employment as existed before the accident to him, to wit: employment by the month, and subject to the right of the defendant to discontinue his services at any time for any cause; and that in pursuance of said agreement so had between the plaintiff and defendant, the plaintiff was permitted to and did remain in the service of the defendant for a long period of time after the execution of such release, to wit: about one year, when he voluntarily abandoned the same, it was error upon the part of the court to refuse to admit said release in evidence after the same had been proven up. Texas Mid. Ry. v. Sullivan, 20 Texas Civ. App., 50; Carroll v. M. K. & T. Ry. Co., 30 Texas Civ. App., 1; 5 Thompson on Negligence, sec. 7370, p. 404.

*Odell & Johnson* and *Knight & Schenck*, for appellee.

CONNER, CHIEF JUSTICE.—Appellant prosecutes this appeal from a judgment of four thousand dollars entered against it in the District Court of Bosque County in favor of the appellee, D. R. Johnson, as damages for personal injuries. On a former appeal a judgment adverse to appellee, in accordance with a peremptory instruction, was reversed, as

will fully appear from the opinion published in the 42 Texas Civ. App., 604. The record on the present appeal is very voluminous and the assignments of error numerous, and we do not feel very confident of our ability to satisfactorily dispose of all of the assignments within reasonable limit, but will make the effort to do so.

Appellee's case, as made by his pleadings and as supported by evidence in his behalf, in substance, is that about October 15, 1902, he was in appellant's employ at the town of Cisco, in Eastland County; that he received from appellant's master mechanic a telegram requiring him to go from Cisco to Waco; that in obedience thereto he proceeded upon one of appellant's passenger trains operated between the points named, and when a few miles out from Cisco the conductor of the train directed that he leave the train at Walnut Springs, some distance beyond in the direction of Waco, and there procure a formal pass authorizing his passage; that this direction was later also given by appellant's master mechanic, who later boarded the same train at an intermediate station; that pursuant to such order, upon the arrival of the train at Walnut Springs, he disembarked and proceeded to the proper office for obtaining passes, as directed, but that before he had been able to secure the same the train started and in his effort to retake passage, his foot slipped upon some rolling substance on the depot platform or approach and he was thrown under the train and injured, as alleged. Negligence was charged in respect to the construction of the depot platform, and in the failure of the conductor to stop the train at Walnut Springs a reasonable time within which appellee could procure the pass sought.

Appellee objects to a number of the assignments of error on the ground that the assignments themselves contain numerous reasons for the objection made, some of which are contradictory. The assignments, however, are mainly to specified clauses of the court's charge, which, without further specification, have been held sufficient to invoke consideration. We therefore conclude that the assignments should be considered, rejecting all reasons given in the assignments that have not been carried forward by appropriate proposition thereunder.

So proceeding, it is to be noted that in appellant's first assignment objection is made to the court's definition of contributory negligence, and in the same connection to the tenth paragraph of the court's charge in applying that issue to the facts. The court defined contributory negligence as follows: " 'Contributory negligence' means where the plaintiff does some negligent act or omits to perform some act which, co-operating with some negligent act or omission on the part of the defendant, contributes to and is the proximate cause of the injury." The tenth paragraph is as follows: "If you believe from the evidence that plaintiff, in leaving said train to get said pass and in attempting to board said train under the circumstances and conditions then existing and surrounding him, did not act with that degree of care, discretion or prudence for his own safety that a person of ordinary care would have done under the circumstances, and further believe from the evidence that such acts on the part of the plaintiff were the cause of his injury, then he would be guilty of contributory negligence and can not recover, and you should find for the defendant."

Vol. LI. Civil—9.

The evidence clearly raises the issue of contributory negligence. That of appellee indicates experience on his part in boarding moving trains and that at the time he endeavored to get upon the train it was moving only four or five miles per hour. Other witnesses, however, who testified in behalf of appellant would have authorized an inference that it was traveling at a rate of from eight to twelve miles per hour, and the main contention on the part of appellant is that the charges quoted submitted the issue of proximate cause when it was not, under the evidence, in issue, contrary to the ruling of our Supreme Court in Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; and of the Court of Civil Appeals for the Fourth Supreme Judicial District in Ry. Co. v. Hubbard, 70 S. W., 112. We do not feel prepared to extend the rulings of our Supreme Court in the cases cited from the 90 Texas to the extent that seems to have been done in Ry. Co. v. Hubbard, but whatever may be said of these cases and of the principle invoked, we find that appellant is not in the attitude of being able to complain in this case. The court's definition of contributory negligence we think is in substantial compliance with approved forms. International & G. N. Ry. Co. v. Garcia, 75 Texas, 591; Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 67 Texas, 121; Galveston, H. & S. A. Ry. Co. v. Henning, 39 S. W., 302; International & G. N. Ry. Co. v. Anchonda, 33 Texas Civ. App., 24; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 96; St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525; 1 Thompson on Negligence, sec. 169. And the court, at appellant's request, gave a special charge to the effect that even though the jury might find negligence on appellant's part, as alleged by appellee, yet if they should further find that appellee in attempting to board defendant's train at the time and place and under the circumstances that he did attempt to do so, "and that in so doing he was guilty of contributory negligence, as that term has been defined in the court's charge," they should find for appellant. Appellant also requested special charge No. 16, which was refused. In this charge appellant's right to a verdict was among other things made expressly dependent upon a finding that appellee was guilty of negligence "which proximately contributed to his injury." So that we think on the whole appellant invited the error of which it principally complains.

There would seem to be much force in the suggestion that the court in the tenth clause of the charge improperly placed the burden upon appellant to show that appellee's contributory negligence was "the cause of his injury." It would only have been necessary, of course, for appellant to show that the negligent acts of appellee, if any, proximately contributed to his injury. But this objection in principle seems to be treated by appellant as the same as that involved in the objection first discussed, and in view of the character of the proof and of the requested charge given, we do not feel prepared to hold that the inadvertent omission, as it would seem, of the court to use the term "proximate" immediately before the term "cause," in the tenth paragraph, requires a reversal. If the jury adopted the trend of appellant's evidence on this issue they could but believe that appellee's own negligence was not only the cause, but the proximate cause of his injury. On the contrary, if

the jury credited appellee's testimony on the issue, as they evidently did, they could hardly find him guilty of contributory negligence. Besides, it is to be noted that the charge was one authorizing a verdict for defendant only, and correct, as far as appellant can complain, and fairly within the rule applied by our Supreme Court in disposing of a charge submitting the issue of contributory negligence in the case of Chicago, R. I. & G. Ry. Co. v. Johnson, 101 Texas, 422. We conclude that appellant's first assignment should be overruled.

Under the second assignment it is insisted that the court submitted an erroneous measure of damages, the contention being that the court's charge authorized a double recovery. The charges objected to are as follows: "12. If, under the foregoing instructions, you find for the plaintiff, you should allow him such sum in money as damages as, in your judgment, if paid to him in cash at the present time, would fairly compensate him for the injuries, if any, you find he has sustained.

"13. In estimating and arriving at the sum or amount of damages, if any, which you may allow plaintiff, you should take into consideration the physical and mental suffering of the plaintiff, his loss of time, permanent injury, if any, his diminished capacity to earn money, if you find that his capacity to earn money has been diminished, resulting from the injuries, which you may find he has sustained."

We think the objection made to these clauses, which are treated together, should be overruled. The twelfth clause manifestly gave the proper rule, by which it was the duty of the jury to be guided in compensating appellee in the event they found for him, and we think the thirteenth paragraph, immediately following, amounted in substance but to a direction to the jury to consider all of the evidence on the issue. Unlike some of the charges condemned in the authorities cited by appellant, the jury were not expressly directed to find damage upon all grounds specified in the thirteenth paragraph, but merely, as before stated, to consider these elements of which proof had been made without objection in determining what would fairly compensate appellee. See Galveston, H. & S. A. Ry. Co. v. Fink, 44 Texas Civ. App., 544; Missouri, K. & T. Ry. Co. of Texas v. Hibbitts, 49 Texas Civ. App., 419.

Under appellant's third and fourth assignments numerous objections are made to the fourth and fifth paragraphs of the court's charge, which are too voluminous for insertion. We deem it sufficient to say that the charges referred to were not erroneous, or, at least, not prejudicial in submitting the issue of whether appellee was a passenger. We think he was a passenger, as indicated in our opinion on a former appeal, but if not, the court nowhere in his charge required of appellant the exercise of that high degree of care applicable to passengers. Nor were the charges objectionable in requiring appellant to give plaintiff a reasonable time in which to procure passes, and return to and board the train, before putting it in motion. The authority of appellant's officers to direct him to get passes at Walnut Springs does not seem to be questioned. It seems to us that it must be assumed that they had such authority, and, if so, the least that could be required of appellant was to give appellee a reasonable time to accomplish the thing he had been directed to do.

Nor is it clear by any means that the record sustains appellant's con-

tention that the court submitted the issue of whether the approaches and platforms to the train had been safely constructed and maintained in reasonable condition. It certainly was not done as a distinct ground of recovery. But, if submitted at all, the issue was invited by appellant's special charge No. 8. As we construe the charge, it on the whole only submitted the issue of negligence on appellant's part in failing to hold the train a reasonable time, the theory of the charge, as we construe it, being that, in the event of negligence on appellant's part in this respect, appellee would be entitled to recover in the absence of contributory negligence by him. We think this theory correct. In that event it is entirely immaterial whether the rolling substance, upon which appellee testifies he was caused to slip, had been negligently permitted to remain upon the platform or not. If it was there, the fact that it entered into the cause of the injury would in no way lessen the liability for appellant's failure to delay the train a reasonable time, and it seems certain that the jury could not have inferred, from the clauses of the court's charge under consideration, that negligence in respect to the platform was assumed, for in the sixth clause of the court's charge the jury were expressly instructed that this issue was for them alone.

Numerous other objections are made to various clauses of the court's charge, but we think none of the objections are well taken. The issues as a whole seem to have been fairly submitted to the jury, and, without further discussion of objections to the charges, we think all objections thereto should be overruled.

Appellant relied upon, and offered in evidence, the following release:

"The State of Texas, }
County of McLennan. }
Know all men by these presents:—

"That whereas, on the 15th day of October, 1902, I, D. R. Johnson, of Whitney, Hill County, Texas, while acting in the capacity of passenger on the Texas Central Railroad, received personal injuries as follows:

"Head injured and foot mashed while attempting to board train No. 2, while moving at Walnut Springs; left hand injured, two bones broken.

"Now, therefore, in consideration of one dollar to me in hand paid by Texas Central Railroad Company, the receipt of which is hereby acknowledged, as full and final compensation for said injuries, I do hereby release and forever discharge the Texas Central Railroad Company from any and all claims for damages of whatever nature or character which have accrued to me, or which may hereafter accrue to me by reason of the injuries aforesaid, and I do hereby admit that the said injuries and damages were not the result of any negligence on the part of the Texas Central Railroad Company, or any of its officers, agents or employes, but the same was the result of an accident which may happen to any person acting in the capacity of passenger on any railroad.

"Given under my hand at Waco, Texas, this the 3d day of December, 1902.

"(Signed) D. R. JOHNSON."

It was admitted that the recited consideration for this release was unpaid, and the consideration, as pleaded by appellant, was that "appellee would be permitted to remain in the service of the company under the same terms of employment as existed before the accident to him, to wit, employment by the month, and subject to the right of the defendant to discontinue his services at any time for any cause." The release was clearly void under the decisions. Missouri, K. & T. Ry. Co. v. Smith, 98 Texas, 47; East Line & R. R. R. Co. v. Scott, 72 Texas, 77. Nor was it aided by appellee's pleadings, conditionally stating a different consideration in answer to this defense. The court therefore did not err in instructing the jury to disregard the release, nor in refusing appellant's special charges on this subject.

The remaining assignment, that we deem necessary to specifically mention, rests upon the contention that "the evidence conclusively shows that the injuries of the plaintiff were due to his own contributory negligence in attempting to board the defendant's train at an unusual and dangerous place," etc. We think, however, that the evidence was such as made the issue one for the jury. As stated, appellee testified in substance that, upon his arrival at Walnut Springs, he forthwith repaired to the warehouse of appellant, in which the master mechanic had his office at which passes could be obtained, and that before the agent writing them out had completed them, appellee heard the bell ringing, and immediately started out and toward the approaching train, and before it had attained a rate of speed in excess of four or five miles an hour he secured hold upon the hand railings of the coach, when his foot slipped upon some rolling substance, and he was thrown under the revolving wheels. We do not think it can be said that this evidence conclusively shows contributory negligence on appellee's part.

All assignments are accordingly overruled, and the judgment affirmed.

*Affirmed.*

Writ of error refused.