PECOS & N. T. RY. CO. et al. v. RAYZOR.
(Nos. 7094, 7111.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 28, 1911. On Motion for Rehearing, March 6, 1915.)

LIMITATION OF ACTIONS ⟨◎⟩120 — JURISDICTION—FILING SUIT AS SUSPENSION.

Where the trial court has absolutely no jurisdiction of an action under the pleadings the filing of the petition cannot suspend the running of the statute of limitations on the cause of action, but where a petition was susceptible of the construction that it asked $975 as damages, with interest on the judgment, and not $975, and interest as a part of the judgment, the first construction would be adopted to support the county court's jurisdiction of the suit, so that the filing of the petition suspended the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 536; Dec. Dig. ⟨◎⟩120.]

Conner, C. J., dissenting.

Appeal from Denton County Court, Lee Zumwalt, Judge.

Action by J. N. Rayzor against the Pecos & Northern Texas Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed in accordance with Supreme Court's (172 S. W. 1103) answer to certified questions.

Emory C. Smith, of Denton, and Spoonts, Thompson & Barwise, and J. M. Chambers, all of Ft. Worth, for appellants. Owsley & Sullivan and Alvin M. Owsley, all of Denton, for appellee.

CONNER, C. J. The Pecos & Northern Texas Railway Company and the Ft. Worth & Denver City Railway Company have appealed from a judgment in appellee's favor for $750 apportioned equally between them. The suit was for damages because of injuries to a shipment of pianos from Denton over the railway lines of appellants, and on a former appeal from a judgment in appellee's favor we reversed the judgment on the ground that the amount claimed in the plaintiff's petition was in excess of the jurisdiction of the county court. See Ft. W. & D. C. Ry. Co. v. Rayzor, 125 S. W. 619, where a more complete statement of the case and material parts of appellee's petition may be found. On the present appeal the material question presented is one of limitation. Appellee's original petition was filed in the county court October 5, 1907, alleging that the shipment in question was on September 12, 1906, and claiming damages in the total sum of $975 "with legal interest thereon." In this respect appellee's first amended original petition, upon which the case was formerly tried, is the same. After the reversal of the judgment mentioned appellee, on April 25, 1910, filed in the county court his second amended petition, alleging his cause of action substantially as in his two former petitions, except that there was no prayer for interest, the averments in this particular being:

"That the plaintiffs herein have never sued for or sought to recover interest upon the damage suffered by them as aforesaid, except from and after the rendition of a final judgment in this cause, and have not sought to recover, either by way of damages, interest, or otherwise any sum exceeding the sum of $975, and they do not now seek to recover any amount in excess of said sum of $975, but they have laid their damages at said sum of $975 to cover the full amount herein sued for, including their damages and such interest as they may be entitled to from and after the rendition of the judgment herein."

Appellants insist that appellee's former efforts to recover judgment were nullities for the reason that the court was without jurisdiction, and that appellee's suit must be held to have first begun by the filing of his second amended original petition on April 5, 1910, more than two years after his cause of action accrued, and that hence the action is barred. Appellee concedes that in the con-

---

⟨◎⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dition of the record the two, instead of the four, year statute of limitation applies, if limitation applies at all, but insists that from the beginning the amount declared upon was within the jurisdiction of the county court, the contention being that the prayer for interest was referable to the judgment sought, and not to the damages claimed, or if mistaken in this, that the claim in the original and first amended original petitions for $125, expended in his "endeavor to lessen the damage as much as possible," was subject to general demurrer, and hence not to be computed in determining the amount originally in controversy. If either of these contentions be correct, it is clear that appellee's petitions from the first stated an amount within the county court's jurisdiction, for our ruling to the contrary on the former appeal can be sustained only upon the theory that the prayer for interest related to the claim for damages from their inception, and that the claim for expense to prevent further damage was well pleaded in the absence of special exception. Regardless of whether our opinion and judgment on the former appeal is now conclusive, we all feel content with the construction then given to appellee's first amended original petition. So that we are thus brought squarely to the question of whether the filing in the county court of appellee's original and first amended original petitions had the effect of suspending the statute of limitation. The majority think not. They are of opinion, in harmony with appellants' contention and Ball v. Hagy, 54 S. W. 915, and I. & G. N. Ry. v. Flory, 118 S. W. 1116, that, the county court being without jurisdiction of the amount claimed, all proceedings therein relating to such claim were nullities, and that the commencement of appellee's suit was when he filed his second amended original petition on April 5, 1910, and not before. It follows that other questions become immaterial, and that the judgment should be reversed and here rendered for appellants. The writer, however, is not prepared to adopt the view of the majority; and, inasmuch as a writ of error to the Supreme Court does not lie in this case, and because of the importance of the matter to appellee, he feels impelled to briefly enter his dissent.

No very satisfactory authority, perhaps, has been found by the writer that can be said to be directly in point. It is said by the author of 25 Cyc. p. 1299, § 4, that:

"The fact that the court in which the action is brought has no jurisdiction does not defeat the effect of bringing suit as an interruption of prescription."

This statement of the law, however, is based on Georgia and Louisiana cases cited in the notes, which in turn seem to be founded on statutes peculiar to those states, and hence may be said to be of little, if any, force as authority here where no such statutes exist. In my judgment, however, the text quoted, as applied to the peculiar facts of this case, states a sound proposition. The justness of appellee's claim is not attacked—is undisputed. Excluding interest on the claim as originally presented, it must be also undisputed that the county court had jurisdiction. It was only upon the theory that the prayer for interest was referable to the claim and to be computed in determining the amount in controversy that we held the county court without jurisdiction on the first appeal. Looking at it practically, then, what change in the real controversy was brought about by the amendment after the reversal? Substantially none, as it seems to the writer. The amendment, referred to in almost the same language, set up the same shipment, charged the same neglect and breach of shipping contract, claimed the same resultant damage to his goods, and the same expense as was done in the original and first amended original petitions. In other words, the plaintiff's *cause of action* was the same in all petitions, and over this the county court undoubtedly had full power. The only change was in the form of the prayer relating to interest, the last amendment merely excluding by express terms that which by construction we held to be part of plaintiff's claim. This being true, it seems unduly technical to say that there was not sufficient virtue in appellee's first two petitions to form the basis of the second amendment. If not, why should the case have been reversed rather than dismissed on the former appeal? It is stated generally in W. U. Tel. Co. v. Brown, 62 Tex. 536 (quoting from the headnote) that:

"If the facts set forth as a basis of recovery are the same in an original and an amended petition, though the relief prayed for in the amended pleading be different, on account of a larger measure of relief being asked for, the character of the cause of action remains the same." McDannell & Co. v. Cherry, 64 Tex. 177; Miller v. Newbauer, 61 S. W. 974.

To the same effect is the case of Lee v. Boutwell, 44 Tex. 151. See, also, Taylor v. Lee, 139 S. W. 908. It has also been decided a number of times in this state that a petition bad on general demurrer will interrupt the statute of limitations. See Killebrew v. Stockdale, 51 Tex. 529; Kauffman v. Wooters, 79 Tex. 214, 13 S. W. 549; T. & P. Ry. Co. v. Johnson, 34 S. W. 187; Sherman Oil & Cotton Co. v. J. D. Stewart, 17 Tex. Civ. App. 59, 42 S. W. 241. So, too, a mere enlargement of a plaintiff's cause of action is not the institution of a new suit so as to subject it to the operation of the statute. See Johnson v. Texas Cent. R. R. Co., 42 Tex. Civ. App. 604, 93 S. W. 433; Tex. Cent. R. R. Co. v. Johnson, 51 Tex. Civ. App. 126, 111 S. W. 1098; Atchison, T. & S. F. Ry. Co. v. Veale & Co., 39 Tex. Civ. App. 37, 87 S. W. 202; Love v. Southern Ry. Co., 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471. Why, then, should it be so when, as here, there is but

a mere abandonment of an item in the prayer for relief? It is not as if appellee's suit had been one in trespass to try title. In that event no amendment would confer upon the county court jurisdiction of the same subject-matter, and hence the suit would indeed be a nullity—the same as if no suit had ever been filed—and would constitute no impediment to the running of the statute. Our statute (Rev. St. 1911, art. 5687) on the subject reads, so far as is necessary to quote, that:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description"

—and then follows the character of suits to which it applies, including one like the present case. It is evident that a distinction is to be made between "cause of action" and the "action or suit" by means of which the plaintiff seeks to recover, and the statute does not define the character of action or suit that must be instituted, nor impose a penalty for the institution of a suit upon a cause of action imperfectly stated. More, doubtless, could be well said, but it is perhaps sufficient to conclude that, in the writer's judgment, appellants' plea of limitation is not well taken, and that the judgment should be affirmed.

In accordance with the conclusion of the majority, however, the judgment is reversed and here rendered for appellants.

CONNER, C. J., dissenting.

On Motion for Rehearing.

CONNER, C. J. This suit was one for damages because of injuries to a shipment of pianos from Denton over the line of the appellant railway company. On a former appeal the judgment in appellee's favor was reversed on the ground that appellee's petition stated a cause of action beyond the jurisdiction of the county court. See F. W. & D. C. Ry. Co. v. Rayzor, 125 S. W. 619. After the reversal referred to appellee amended his petition, alleging a cause of action substantially as before, but specifically disclaimed a right to interest until after the rendition of a final judgment. He again succeeded in recovering a judgment, from which an appeal was again taken. On the second appeal the majority of this court held that the amended petition was substantially the filing of a new suit, and that appellee's cause of action was therefore subject to the two-year statute of limitations, which had been invoked by appellant, after the amendment referred to, all of which will be more fully seen by the original opinion rendered by us on this appeal. There was a dissent, however, and the point of difference was certified to our Supreme Court for determination. The Supreme Court has answered the certificate, holding

that plaintiff's cause of action was not barred; and, inasmuch as this is the only question presented on the present appeal, it is ordered, in accordance with the opinion of the Supreme Court, that appellee's motion for rehearing be granted, and the judgment in his favor be now affirmed.