MOORE–HUSTEAD CO. et al. v. JOSEPH W. MOON BUGGY CO. (No. 8354.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1920. Rehearing Denied May 8, 1920.)

1. Continuance ⟞51(5)—No error in refusing second continuance for absence of witnesses.

Court did not err in denying an application for a second continuance on a second trial more than three years after the first trial, where application did not show that absent witnesses had been notified that the cause had been set down for trial or were requested to attend, nor that any fee had been paid or tendered them, under Rev. St. 1911, art. 1918.

2. Chattel mortgages ⟞161—Mortgagee suing for title and possession may recover possession.

Where personal property was sold and title reserved, and seller sued buyer and assignee for title and possession, court did not err in overruling assignee's motion to quash plaintiff's affidavit for writ of sequestration, affidavit being grounded on right of possession of property, Rev. St. 1911, art. 5660, giving mortgage holder the right to such possession under such circumstances, although 'a judgment for the seller was reversed on the ground that contract was a mortgage, and he was required to amend his pleadings.

3. Chattel mortgages ⟞229(1)—No demand necessary in order to recover mortgaged chattels from assignee.

A mortgagee of chattels entitled to possession need not make a demand in order to recover the same from the possession of an assignee of the mortgagor.

4. Corporations ⟞661(6)—Foreign corporation suing to recover interstate shipment under a mortgage need not have permit.

A foreign corporation suing to recover possession of buggies, an interstate shipment, under a conditional sale, made a chattel mortgage by statute, need not allege and prove a permit from the state; there being nothing to show that it was engaged in doing business in the state.

5. Limitation of actions ⟞127(3)—Amendment to petition held not to change cause of action.

Where shipment of goods was sold under conditional contract reserving title, which by statute was a chattel mortgage, and seller brought action against the buyer and its assignee to recover title and possession, an amendment by plaintiff to the petition on reversal of judg-

ment in its favor, so as to only recover possession as mortgagee, did not change the cause of action so as to affect the statute of limitation.

### 6. Chattel mortgages ⬌136—No waiver of lien by taking notes.

Where goods were sold under a conditional contract, declared by statute to be a mortgage, seller did not waive his lien by taking notes in evidence of the goods sold.

### 7. Chattel mortgages ⬌136—Transfer of notes did not impair lien.

Where goods were sold under a conditional sale contract, declared by statute to be a chattel mortgage, seller did not impair his right to a lien by a transfer of notes given in evidence of the goods sold to a bank as collateral, thereafter reacquiring the same; the transfer of the notes in both cases carrying with it such rights in the mortgage as the owner of the notes had.

### 8. Chattel mortgages ⬌225(2)—Third person disposing of mortgaged property liable for value.

Where mortgagee of chattels assigned same to a third person and third person disposed of them, such third person is responsible to the mortgagee for the value of the chattels.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by the Joseph W. Moon Buggy Company against the Moore-Hustead Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 196 S. W. 328.

J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellants.

Will M. Martin and Walter Collins, both of Hillsboro, and Short & Feilds, of Dallas, for appellee.

RAINEY, C. J. Appellee, Joseph W. Moon Buggy Company, a corporation, sued the Moore-Hustead Company to recover for debt, being for buggies sold to Moore-Hustead Company, and against Houston Shipp, to whom said buggies were assigned by Moore-Hustead Company, and caused a writ of sequestration to issue and levied on said buggies in the hands of assignee, which buggies were replevied by said assignee and disposed of.

Plaintiff, in effect, pleaded that it had sold said buggies to Moore-Hustead Company on credit and reserved the title to same until the purchase price was paid, and, in its affidavit for the writ of sequestration, claimed by reason thereof to be owner of said buggies and entitled to the possession thereof. Judgment was reversed therein, and on appeal the cause was reversed on the ground that a recovery could not be had as to the title to said buggies, but said cause was remanded that plaintiff might amend so as to recover on its claim as a mortgagee. When

the case went back the plaintiff amended its pleadings. Its contract under the law constituted only a mortgage.

The case was again tried and judgment rendered against appellants for the amount of plaintiff's debts and against said Shipp for the value of said buggies, from which this appeal is taken.

[1] Appellants' first assignment of error complains of the court's action in not granting it a continuance. The continuance asked for was the second continuance, and the application nowhere shows that "defendant has used due diligence to procure such testimony." More than three years before the case had been formerly tried, witness Breeding had testified at a former trial. He was present at the last trial which was in March, 1919. The cause was tried at the term beginning on June 3, 1919. It is not shown that Moore was present at the last trial or that said witnesses had been notified that said cause had been set down for trial at that time, or were requested to attend. It was not shown that any fee had been paid or tendered them. McKinnon v. Porter, 192 S. W. 1113; article 1918, R. S.; Railway Co. v. Hall, 83 Tex. 679, 19 S. W. 121.

[2] The court did not err in overruling defendant Shipp's motion to quash the affidavit for writ of sequestration, as the affidavit was grounded on the right of possession of the buggies, and under article 5660, R. S., gives a mortgage holder the right to such possession under such circumstances. Butts v. Lucia, 153 S. W. 686.

The allegations in the second amended petition, the instrument sued on, set up no new cause of action; but the same facts as to the right of recovery were stated, and the amended petition stated the same contract as the former. The pleadings on the first trial merely overlooked the statute, and they stated, as the contract recites, "title is reserved" in Moon Company, when the statute provided that such an instrument would only have the effect of a mortgage, which gave it the right, under the circumstances, of possession of the buggies and did not change the right of plaintiff to recover on the contract.

Complaint is made to the court's action in overruling appellant's demurrer to plaintiff's petition, stating that a demand was not made on Houston Shipp by plaintiff for possession of said buggies, and that such demand had been refused.

[3] Plaintiff having a mortgage on said buggies, Shipp took possession of same, subject to the mortgage; therefore it was not incumbent upon plaintiff to make demand before a recovery could be had.

[4] The shipment of buggies by the Joseph W. Moon Company to Moore-Hustead Company, as shown in this case, was an inter-

state shipment, and it was not incumbent upon plaintiff to allege and prove a permit from the state of Texas. The buggies were made in and shipped from the city of St. Louis, Mo., and there is nothing to show that plaintiff was engaged in and doing business in Texas requiring a permit, so there was no error in the court so ruling. Miller Co. v. Goodman, Assignee, 91 Tex. 41, 40 S. W. 718; Studebaker Co. v. Mercantile Co., 192 S. W. 545.

[5] The amendment to plaintiff's petition did not change his cause of action so as to affect the statute of limitation, so limitation does not apply. Thouvenin v. Lea, 26 Tex. 614; McIlhenny v. Lee, 43 Tex. 209; Porterfield v. Taylor, 60 Tex. 264; Raleigh v. Cook, 60 Tex. 438; Tel. Co. v. Brown, 62 Tex. 536; Telfener v. Dillard, 70 Tex. 139, 7 S. W. 847.

[6-8] The plaintiff did not waive his lien by reason of taking notes in evidence of the goods sold to Moore-Hustead Company. Under the statute, such notes became evidence of the debt and a lien thereby created, and the right to foreclose the lien by reason of said transaction did not become impaired by reason of the conduct of Moon Buggy Company. Neither did the plaintiff impair his right to the lien by the transfer of said notes to the bank as collateral, for borrowed money, having thereafter reacquired them and become the lawful owners of same. On a transfer of the notes it carried with it such rights in the mortgage as the owner of the notes had, and upon a retransfer to the original owner the mortgage followed such dealings. The plaintiff had established its debt against Moore-Hustead Company evidenced by the lien upon the property in controversy under the written contract by which it was sold, and, the property having passed into the defendant Shipp's hands, the plaintiff had the right to recover. Shipp having disposed of the property, he was responsible for its value to plaintiff.

There are various other assignments of error presented, all of which have been considered; but we find no reversible error in any of them, and the judgment will be affirmed.

Affirmed.