The Fort Worth & Denver City Railway Company v. J. C. Davis.

No. 253.

**Negligence of Railway Company — Injury to Passenger — Fact Case.**—Appellee, in alighting from a railway train in the usual manner and at the usual place, stepped on a railway spike about four inches long and nearly an inch thick, lying loose on the depot platform, and his foot was permanently injured thereby. *Held,* that the company was guilty of negligence, and that a verdict of $1500 in appellee's favor would not be disturbed.

Appeal from Montague. Tried below before Hon. D. E. Barrett.

*Stanley, Spoonts & Meek,* for appellant.—The evidence failed to show any liability on the part of the defendant company. Gasscamp v. Railway, 69 Texas, ——; Railway v. Taylor, 49 Am. Rep., 583; Railway v. Murphy, 46 Texas, 356.

*Potter, Potter & Giddings,* for appellee.—It was negligence on the part of the company in permitting the spike to be on its platform, where its passengers were accustomed to alight. as the same was dangerous to such passengers. Railway v. Thornberg, 17 S. W. Rep., 521; Railway v.

Bert, 66 Texas, 117; Hamilton v. Railway, 64 Texas, 215; Railway v. Miller, 79 Texas, 78; Hutch. on Carr., 2 ed., secs. 559–561, 561a; Carpenter v. Railway, 97 N. Y., 494; Railway v. Wortham, 73 Texas, 25; Whit. Smith on Neg., 314; McDonald v. Railway, 26 Iowa, 124; Weston v. Railway, 73 N. Y., 595.

STEPHENS, ASSOCIATE JUSTICE.—Appellant states the case correctly as follows: "Plaintiff alleged, that on the 23rd day of October, 1890, he was a passenger on defendant's railway, and that in attempting to get off defendant's train at Henrietta, Clay County, Texas, he stepped upon a railway spike lying loose upon defendant's platform at said place; that said spike was the kind commonly used for fastening and holding the rails of the railway to the crossties; that it was a piece of iron about four inches long and three-fourths of an inch thick; that it was a square in shape, and had a head on one end, and that one side of the head came to a thin, sharp edge; that the sharp and protruding edge came in contact with the ball of plaintiff's left foot and broke and bruised the nerves of the same. That defendant had a regular passenger depot at Henrietta, and that the platform upon which plaintiff alighted was the usual and customary place for a passenger to alight from defendant's cars; that it was gross carelessness and negligence for defendant to let said spike lie on said platform, and that it was defendant's duty to keep said platform free from all obstructions; that the plaintiff did not know said spike was lying there when he placed his foot upon it, and could not have so known by the use of ordinary and reasonable diligence; and by reason of stepping upon said spike, plaintiff's foot has sustained permanent injury, and plaintiff has been rendered a cripple for life.

"Defendant answered by general demurrer, general denial, and plea of contributory negligence.

"The cause was tried on the 14th day of July, 1891, and resulted in a verdict and judgment in favor of the plaintiff for $1500."

The case was proven substantially as alleged. The verdict of the jury was sustained by the evidence in ascribing the injury complained of to the negligence of appellant without fault on the part of appellee. The charge of the court was as favorable to appellant as the law would warrant, if not more so. It submitted only ordinary negligence, and not that high degree of care imposed where the passenger is held to be the bailee of the carrier. The assignments of error only call in question the sufficiency of the evidence to support the verdict and the action of the court in giving and refusing charges.

The judgment will therefore be affirmed.

*Affirmed.*

Delivered October 25, 1893.