MAGDALENA MATTHIESON, Appellee, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

**Railroads:** PASSENGER PLATFORMS: NEGLIGENCE: INSTRUCTIONS. It is
1 the duty of a railway company to keep its station platforms free from obstructions, and in such condition generally that passengers may go to and from trains with reasonable safety; and an instruction making defendant's negligence depend on whether there was room for passengers to pass, and whether plaintiff could have discovered the obstruction had she looked, should not have been given.

Contributory negligence: CARE: INSTRUCTIONS. The question of due
2 care must be determined from all the facts and circumstances
  appearing in the case; and an instruction under the facts of this
  case limiting plaintiff's contributory negligence to the question
  of where she was stepping while rightfully upon the station plat-
  form, was properly refused.

Negligence: INSTRUCTIONS. An instruction that plaintiff could recover
3 if negligence on the part of defendant was shown, and plaintiff
  in no manner and to no material degree contributed to the injury,
  is approved.

*Appeal from Tama District Court.*— HON. OBED CASWELL,
Judge.

FRIDAY, JUNE 10, 1904.

ACTION to recover damages for a personal injury.
Trial to jury, and verdict and judgment in favor of plain-
tiff.   Defendant appeals.— *Affirmed.*

*Willett & Willett* and *S. K. Tracy,* for appellant.

*M. G. Meister* and *Struble & Stiger,* for appellee.

BISHOP, J.— Dysart is a small way station on defend-
ant's line of railway.   On one side of the depot building
there is a platform fourteen feet in width, and extending
the length of the depot, and for some distance beyond.   This
platform is used in loading and unloading freight, and also
for the use of passengers in leaving and boarding defend-
ant's trains.   From the platform one door opens into the
depot waiting room, and another door opens into the freight
and baggage room.   On the day of the accident of which
plaintiff complains, and in the forenoon, a freight train
had stopped at the depot, and therefrom was unloaded a
package or bundle of galvanized -sheet iron, which was
laid on the platform between the two doors opening into
the depot, and from two to four feet from the depot build-
ing.   Shortly after the freight train left the depot, a regu-

lar passenger train made its appearance. Plaintiff and a number of other persons were in waiting to take the train, and as it came to a stop she started, with the others, from the door of the waiting room, to get aboard. As she passed along with the crowd, moving in the direction of the cars, she tripped on the package of iron, and fell to the platform, and sustained the injury for which she now seeks to recover. In her testimony plaintiff says that she did not know of the presence of the iron on the platform. She admits, however, that, notwithstanding the crowd about her, she could have discovered the same had she looked where she was stepping.

The defendant complains of the refusal of the court to give an instruction to the jury, as requested by it, in substance, that, if there was a reasonable amount of room on the platform left for passengers to walk in taking the cars, and such passengers were reasonably safe in so walking if they looked where they were stepping, then the defendant cannot be charged with negligence because of the presence of the iron on the platform, it being fully daylight at the time. We think the court properly refused to give the instruction thus requested. It will be observed that by the request the question of negligence on the part of the defendant is made to depend, first, upon whether room enough was left for passengers upon the platform; and, second, whether plaintiff could have discovered the bundle, had she looked. Both propositions are untenable as applied to the facts appearing in the case. The duty enjoined by law upon railway companies in respect of their passenger station platforms is that they shall be kept free from obstructions, and in such condition generally as that passengers may go to and from trains with reasonable safety. *McDonald v. Railway,* 26 Iowa, 124; *Waterbury v. Railway,* 104 Iowa, 32; *Railway v. Davis,* 4 Tex. Civ. App. 351 (23 S. W. Rep. 737); *Bethmann v. Railway,* 155 Mass. 352 (29 N. E. Rep. 587); *Gillis v. Railway,* 59 Pa. 129 (98 Am. Dec. 317). Now, it may

1. PASSENGER PLATFORMS: negligence; instructions.

be conceded that the defendant company, in view of the character and importance of the station, had the right to use its depot building and platform at Dysart fòr the purposes of freight as well as passenger traffic.    Accordingly, it must be said that the mere presence of freight on the platform in the daytime, cannot be accepted as sufficient of itself to make out a case of negligence on the part of the company. But having the right to so use its depot platform, and keeping in mind the double use to which the same was put, it was its duty to use care in an added and commensurate degree, to the end that the platform should be reasonably safe for the use of passengers, especially at the times when trains came to the station.    Now, whether or not due care had been exercised by the defendant could not be answered by simply taking note of the fact, conceding that such existed, that the space left for the use of passengers was ample had all present kept within the limits of such space. On the contrary, all the conditions and circumstances existing were proper to be given to the jury for their consideration.    Naturally included therein would be the character and quantity of the freight, and the location thereof on the platform; the readiness with which the same could be seen; the extent to which the platform was ordinarily used in connection with incoming and outgoing trains; the number of people reasonably to be expected; the number that were actually present; the time of day, etc.    From these and all other relevant facts and circumstances appearing the question of negligence was to be answered.

The second proposition involved in the request may be disposed of in brief.    Generally speaking, an act done, or a condition permitted, is said to be negligent when the same is done or permitted in violation of an imposed duty, and from which injury follows to another as a proximate result. The act or condition thus invested with the character of negligence does not become divested thereof on proof simply that discovery of the act or condition was possible to one on

the lookout therefor. The cases of actionable negligence would be few indeed, should we adopt the rule that negligence cannot exist in the presence of the possible means of discovery. Counsel for appellant do not contend that any such rule exists. Nevertheless, sanction to such doctrine would logically result from an approval of the requested instruction under consideration.

II. Appellant also complains of the refusal of the court to give an instruction, in substance, that it was the duty of plaintiff to exercise reasonable care and caution, while walking upon the platform, to look where she was stepping, and, if she did not do so, and by reason thereof walked upon or stubbed her foot against the bundle of iron lying upon the platform before her and fell, and this produced her injuries, when, if she had looked where she was stepping, she could plainly have seen the bundle, and could have thus avoided her fall, but failing to look where she was stepping, and by reason thereof, stumbled upon it and fell, then she cannot recover in this action. This request was also properly refused. That it is the duty of all persons to exercise ordinary and reasonable care to make discovery of and avoid dangerous conditions existing as a result of negligence is very true. This the court properly told the jury in an instruction given. But the request for instruction goes farther, and makes the question of contributory negligence depend wholly upon the fact, if such be found, that plaintiff did not look where she was stepping. Possibly cases may arise to which such a rule could be made applicable. But in this case plaintiff was where she had the right to be, and she had the right to presume that the platform was safe for her to travel over. Moreover, there was evidence of other existing facts and circumstances proper and necessary to be taken into consideration. In part these were the position of the package, and the size and character thereof, the crowd of which plaintiff found herself a part as she made her way to the train, and the bustle and excitement

*2. CONTRIBUTORY NEGLIGENCE: care; instructions.*

incident to the arrival and departure of the train. These will suffice to indicate that the question of reasonable care could not be determined by taking note alone of the fact that a person walking deliberately along the platform with eyes determining the place of each footstep could have seen the package, and so have avoided an injury by being tripped up and falling over the same. It is true in reason, and it is the doctrine of all authorities, that the presence or absence of due care must be determined from all the facts and circumstances appearing in the particular case; and the question is generally one for the jury. *Greenleaf v. Railway,* 33 Iowa, 52; *Willfong v. Railway,* 116 Iowa, 548.

III. Appellant further complains for that the court, in the nineteenth instruction as given, told the jury, in substance, that plaintiff could recover if negligence on the part

3. NEGLIGENCE: of defendant had been proved, and that plain-
instructions. tiff "was in no manner and to no material degree negligent that contributed to her alleged injury and damage," etc. An instruction similar in language, and applied to a case where the issue was similar to that in the case before us, was fully considered in *Camp v. Railway,* 124 Iowa, 238. It was there said that the instruction was a proper one to be given, and to that conclusion we adhere. The reasoning upon which the conclusion is based is so well set forth in the opinion in the Camp case that we need do no more than make reference thereto.

We conclude that no error is made to appear in the record, and the judgment is *affirmed.*