D. R. JOHNSON v. TEXAS CENTRAL RAILWAY COMPANY.

Decided April 14, 1906.

**1.—Negligence—Peremptory Charge.**

Because under the evidence in this case it was a question of fact whether or not the defendant company was guilty of negligence the court erred in instructing a verdict for the defendant. Such charge should only be given where there is no conflict in the evidence and there is no room for different minds to draw different inferences.

**2.—Railroad—Duty to Passenger—Platform.**

A carrier of passengers owes to the latter the same degree of care in providing for their safety when making proper efforts to board its train as when on the train, and whether or not proper facilities have been provided is a question of fact for the jury.

**3.—Duty to Hold Train, When.**

When a passenger has been instructed by a conductor in charge of a train to procure a ticket at a certain station, it is the duty of the conductor to hold the train a reasonably sufficient length of time to enable the passenger to do as instructed.

**4.—Employe is Passenger, When.**

A railroad employe who is upon a passenger train in pursuance of a command of his master is a passenger, and is entitled to the same degree of care as other passengers.

**5.—Specific Negligence—Amended Pleading—Limitation.**

Plaintiff's original petition contained a general allegation of negligence proximately resulting in injury. More than two years afterwards he filed an amended petition setting out the specific act of negligence causing the injury. Held, the general allegation, in the absence of special exceptions, would interrupt the statute of limitation.

Appeal from the District Court of Bosque County. Tried below before Hon. W. C. Wear.

*D. W. Odell* and *Knight & Schenck,* for appellant.—It is the duty of a railroad company to hold a train at a station a reasonably sufficient length of time to allow a passenger, who has been instructed so to do by its conductor in charge of the train, to procure a ticket and board the train before it is started. Missouri, K. & T. Ry. Co. of Texas v. Gist, 73 S. W. Rep., 857; St. Louis S. W. Ry. Co. v. Germany, 56 S. W. Rep., 586; Texas & P. Ry. Co. v. Mayfield, 56 S. W. Rep., 942; St. John v. Gulf, C. & S. F. Ry. Co., 9 Texas Ct. Rep., 980; International & G. N. Ry. Co. v. Anchando, 5 Texas Ct. Rep., 289.

A question of negligence dependent on evidence should not be taken from the jury except in cases where there is no conflict and where there is no room for different minds to draw different inferences. Choate v. San Antonio & A. P. Ry., 90 Texas, 82; Lee v. International & G.

N. Ry. Co., 89 Texas, 583; Bonn v. Galveston, H. & S. A. Ry. Co., 11 Texas Ct. Rep., 237, and cases there cited.

A carrier of passengers owes the latter the same degree of care in providing for their safety when they are engaged in proper acts in the efforts to board trains, as when they are upon trains. San Antonio & A. P. Ry. Co. v. Turney, 9 Texas Ct. Rep., 87; Ft. Worth & D. C. Ry. Co. v. Davis, 23 S. W. Rep., 737; Gulf, C. & S. F. Ry. Co. v. Butcher, 18 S. W. Rep., 583; Houston & T. C. Ry. Co. v. Dotson, 38 S. W. Rep., 642; Texas & P. Ry. Co. v. Mayfield, 56 S. W. Rep., 942.

Whether a railroad company has been guilty of negligence or not in the preparation and care of its grounds at its stations, where passengers are expected to alight from and board trains, is a question of fact which a court must submit to the determination of a jury. Gulf, C. & S. F. Ry. Co. v. Butcher, 18 S. W. Rep., 583; Texas Midland R. R. v. Brown, 58 S. W. Rep., 44; Houston & T. C. Ry. Co. v. Dotson, 38 S. W. Rep., 642.

*J. A. Kibler* and *Cureton & Cureton,* for appellee.—No issue of negligence is presumed from the mere happening of an injury to a passenger; and in the absence of any proof that appellee negligently permitted loose and dangerous substances to be and remain on the ground where appellant attempted to board the moving train, the mere surmise of appellant that he stepped on some rolling substance and thereby slipped causing his injury, in broad daylight on a ground patent and open to his view, without knowing what the substance was, without giving any description of its size, form, nature or origin, or anything whatever about it, or connecting the company in any way with it; the mere fact, that, if he slipped upon any rolling substance at all, it might have been the gravel of which the ground and platform was made, would not, in the absence of any proof that such graveled grounds are not the safest and in common use everywhere, be a condition from which any reasonable inference of negligence could be drawn, and a directed verdict was proper. Texas Midland Ry. Co. v. Frey, 61 S. W. Rep., 442; San Antonio & A. P. Ry. v. Robinson, 73 Texas, 277; Texas Midland Ry. Co. v. Ellison, 87 S. W. Rep., 213; Delaware, L. & W. Ry. Co. v. Napheys, 1 Am. and Eng. R. R. Cas., 52 (and notes).

CONNER, CHIEF JUSTICE.—The trial court peremptorily instructed the jury against appellant and he appeals assigning error to the instruction.

The trial proceeded upon an amended petition wherein appellant claimed damages for personal injuries received while attempting to board one of appellee's passenger trains at Walnut Springs. As grounds of negligence he charged in effect that he took the train at Cisco for Waco; that the conductor directed him to get a ticket at Walnut Springs, appellant having exhibited a telegram from one of the superior officers of the appellee company so directing as his right to ride; that when the train arrived at Walnut Springs he promptly went to get his ticket, or pass, as directed, but the conductor started the train before he had time to get the ticket whereupon he hurriedly ran to the train to get on, but just as he was in the act of doing so his foot slipped because of the

defective condition of the platform or walk and it was caught by one of the car wheels and badly injured. It was charged that the conductor was negligent in failing to wait a reasonable time and that appellee was also guilty of negligence in maintaining a platform or walk constructed of loose gravel and stone.

The case rests upon appellant's testimony alone, but it is quite voluminous and we see no good purpose to be served in quoting it. We think it sufficient to say that we have carefully considered said testimony and that in our judgment it raised the issues pleaded in appellant's behalf.

It has been often decided that questions of negligence dependent on evidence are for the jury, except in cases where there is no conflict and where there is no room for different minds to draw different inferences. (Choate v. San Antonio & A. P. Ry., 90 Texas, 82; Lee v. International & G. N. Ry., 89 Texas, 583; Bonn v. Galveston, H. & S. A. Ry. Co., 11 Texas Ct. Rep., 237.) While the mere fact that appellant received an injury will not authorize the inference of negligence in maintaining insecure or improper platform and walks, as alleged, yet we think it was for the jury to say whether the maintenance of walks covered with loose gravel and stone and constructed as alleged by appellant in his plea, constituted negligence under all of the circumstances shown in evidence. A carrier of passengers owes the latter the same degree of care in providing for their safety, when engaged in proper acts, in the effort to board trains as when upon the train. See San Antonio & A. P. Ry. Co. v. Turner, 9 Texas Ct. Rep., 87; Ft. Worth & D. C. Ry. Co. v. Davis, 23 S. W. Rep., 737; Gulf, C. & S. F. Ry. Co. v. Butcher, 18 S. W. Rep., 583; Houston & T. C. Ry. v. Dotson, 38 S. W. Rep., 642; Texas & P. Ry. v. Mayfield, 23 Texas Civ. App., 417; Texas Mid. Ry. v. Brown, 58 S. W. Rep., 44.

So, too, is it the duty of a railway company to hold a train at a station a reasonably sufficient length of time to allow a passenger who has been instructed so to do by its conductor in charge of the train, to procure a ticket and board the train before it is started. Appellee insists that appellant, being an employe, is not entitled to the protection of a passenger; but we are unable to agree with this contention. If appellant was upon the train, as he testifies, pursuant to the direction and command of appellee, we see no reason why a less degree of care upon appellee should be imposed than in cases of other persons lawfully upon the train. We think it should have been left to the jury to determine whether appellee's servants in charge of the train were guilty of negligence in the respect under consideration. See Missouri, K. & T. Ry. Co. v. Gist, 73 S. W. Rep., 857; St. Louis S. W. Ry. Co. v. Germany, 56 S. W. Rep., 586; St. John v. Gulf, C. & S. F. Ry. Co., 9 Texas Ct. Rep., 980; International & G. N. Ry. Co. v. Anchonda, 5 Texas Ct. Rep., 289.

The conclusions last stated of course involve an adverse ruling upon appellee's cross assignment of error, to the effect that appellant's right, if any, to recover by reason of alleged negligence in failing to hold appellee's train at Walnut Springs a sufficient time for appellant to procure passes, for the first time set up in his amended petition filed more than two years after the filing of his original petition, is barred by the two years statute of limitation. The ground of action on appellant's part was negligence proximately resulting in injury. A mere

general allegation, in the absence of special exception, would interrupt the statute of limitation. See Killebrew v. Stockdale, 51 Texas, 529; Kinney v. Lee, 10 Texas, 155. The additional ground of negligence under consideration was not a new cause of action as appellee insists, but rather in the nature of an amplification or more complete statement of the original cause of action. See Sherman Oil Co. v. Stewart, 17 Texas Civ. App., 60; Caswell v. Hopson, 47 S. W. Rep., 54; Texas & Pac. Ry. Co. v. Eberhart, 40 S. W. Rep., 1060; Texas & Pac. Ry. Co. v. Johnson, 34 S. W. Rep., 186; Burton-Lingo Co. v. Beyer, 9 Texas Ct. Rep., 117.

The question presented in appellee's remaining cross assignment of error becomes immaterial in view of the reversal, and we therefore refrain from its discussion.

For the error of the court, however, in peremptorily instructing the jury to find against appellant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*