GOODWIN v. SIMPSON et al.

(Court of Civil Appeal of Texas. March 18, 1911. Rehearing Denied April 29, 1911.)

1. LIMITATION OF ACTIONS (§ 127*)—AMENDED PETITION—NEW CAUSE OF ACTION.

Where the original petition alleged the payment by plaintiff to defendant of money as the price of a section of land on representation by defendant that the land was school land, subject to sale, and that the land was not school land, and prayed for the recovery of the money, an amended petition, alleging that the money was paid as a consideration for four sections of land, and that in the consummation of the agreement land had been conveyed, did not state a new cause of action, but merely averred an additional stipulation in the agreement alleged in the original petition, and the cause of action alleged in the amended petition was not barred by limitations, though the amended petition was filed after the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. VENDOR AND PURCHASER (§ 341*)—REMEDIES OF PURCHASER—RECOVERY OF PURCHASE PRICE—FRAUD—PARTIES.

Where the petition, in an action by two persons for the recovery of money paid for the price of four sections of land because of fraudulent representations of defendants, alleged that the payment was made jointly by plaintiffs, an averment that three sections of the land had been deeded to one plaintiff and one section to coplaintiff did not show a misjoinder of parties plaintiff.

[Ed. Note.—For other cases, see Vendor and Purchaser Dec. Dig. § 341.*]

3. PLEADING (§ 8*)—LIMITATION OF ACTIONS — CONCLUSIONS — FRAUD — DISCOVERY OF FRAUD.

A petition, in an action begun in 1905 for the recovery of money paid in 1901, on the ground of fraudulent representations, which al-

leges that plaintiff had no means of ascertaining the fraud until 1904, is sufficient as against an exception averring that the allegation of diligence to prevent the running of limitations was but a conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

4. APPEAL AND ERROR (§ 931*)—QUESTIONS REVIEWABLE—PRESUMPTIONS.

Where no assignment of error was presented to the failure to submit the issue whether plaintiff, by the exercise of due diligence, could have discovered the fraud complained of sooner than he did discover it, the court on appeal must assume that the evidence affirmatively showed that he could not have discovered the fraud sooner.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3762–3771; Dec. Dig. § 931.*]

5. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—PLEADINGS—ERRONEOUS OVERRULING OF EXCEPTIONS.

The error, if any, in overruling exceptions to a petition alleging diligence by plaintiff to discover the fraud complained of, so as to prevent the bar of limitations, is harmless, where the uncontradicted testimony showed that plaintiff, by the exercise of due diligence, could not have discovered the fraud sooner than he did.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

6. VENDOR AND PURCHASER (§ 334*)—CONTRACTS—VALIDITY.

A contract by a vendor to sell to a purchaser public free school land, subject to sale, is not illegal, and does not preclude a recovery by the purchaser of the money paid under the contract for failure of consideration, though deeds have been executed in performance of the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980; Dec. Dig. § 334.*]

7. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

Where the court charged that the burden rested on plaintiff to establish his right to recover by the preponderance of the testimony, and that unless the jury found from such preponderance such a fact they should find for defendant, the refusal to charge that the burden of proving each material fact rested on plaintiff, and that he must establish the same by the preponderance of testimony, was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Cottle County; Jo A. P. Dickson, Judge.

Action by D. W. Simpson and another against D. A. Goodwin and another. From a judgment for plaintiffs, defendant named appeals. Affirmed.

Jos. H. Aynesworth and Theodore Mack, for appellant. G. A. Brown, for appellees.

DUNKLIN, J. This appeal is from a judgment in favor of appellees, plaintiffs in the trial court, against appellant and H. D. Weathersbee, defendants, for $1,800, paid to defendants by appellees, together with interest thereon from the date of payment to date of the trial.

[1] According to allegations in their original petition, the money was paid to defendant Goodwin as the purchase price of one section of land, upon representations by Goodwin that the land was public free school land and subject to sale under the laws of the state; that defendant Weathersbee was in possession of the land under a deed from Goodwin, who was authorized to convey Weathersbee's interest; that all representations made by Goodwin were acquiesced in and ratified by Weathersbee, who received a part of the consideration so paid to Goodwin. It was further alleged that the land was not public free school land and subject to sale by the state but had been appropriated and sold by the state previously; that plaintiffs, who were nonresidents of the state, were ignorant of that fact at the time of the transaction. August 29, 1901, was alleged as the date of the transaction, and the original petition was filed July 26, 1905. On October 29, 1907, plaintiffs filed their first amended original petition, alleging that the $1,800 mentioned in their original petition was paid as a consideration for four sections of land, instead of one section, as averred in their original petition and that in the consummation of a previous agreement between the parties for the payment of the money Weathersbee conveyed three of the surveys to plaintiff L. W. Duffer and the fourth survey to plaintiff D. W. Simpson. The change thus made by the amended petition consisted in the allegation of an additional stipulation in the agreement between the parties mentioned in the original petition, and the same being merely an enlargement, but not a contradiction of the allegations contained in the original petition, no new cause of action was asserted. Thouvenin v. Lea, 26 Tex. 612; Cotter v. Parks, 80 Tex. 542, 16 S. W. 307; Johnson v. Tex. Cent. Ry., 42 Tex. Civ. App. 604, 93 S. W. 433.

[2] The allegation that three sections of the land were deeded to Duffer and one section to Simpson did not show a misjoinder of parties plaintiff, in view of the further allegation that the $1,800 sought to be recovered was alleged to have been paid jointly by the plaintiffs.

[3] By several assignments, appellant insists that the court erred in overruling his special exceptions to plaintiffs' petition invoking the statutes of limitation of two and four years. To obviate these exceptions, plaintiffs alleged that the land for which they bargained was not public school land, but was covered by patents previously issued by the state; that during the year 1904 their application to purchase the land from the state was refused, and that until the rejection of that application to purchase they had no means of ascertaining that the land was not public free school land; that the coun-

ty surveyor of the county in which the land was situated repeatedly assured plaintiffs that the same had not been appropriated by prior surveys, and that plaintiffs had exercised due diligence to discover sooner the fraud complained of in their petition. In view of the allegation that plaintiffs had no means of discovering the falsity of the representations complained of prior to the rejection of their application to purchase, there was no error, at all events, in the refusal of the court to sustain the special exception to the allegation that plaintiffs had exercised due diligence to discover the fraud sooner; the question presented by the exception being that the allegation of diligence was but a conclusion, without facts to support it.

[4] Besides, in the charge given to the jury, the court failed to submit the issue whether or not plaintiffs, by the exercise of due diligence, could have discovered the alleged fraud complained of sooner than they did discover it, thus holding that the affirmative of that issue had been established by uncontroverted testimony, and no assignment of error has been presented to this ruling.

[5] If such was the proof, and we must so assume, then, even though it should be held that the court's refusal to sustain the exception to the allegations of diligence exercised by plaintiffs to discover the fraud, the error was harmless. Richie v. Levy, 69 Tex. 135, 6 S. W. 685. The special exceptions presenting the defense of limitation to the action were based upon the propositions that a new cause of action was asserted by the amended petition, and that the allegations of diligence as an excuse for failure to sooner discover fraud relied upon were insufficient, and, as both those contentions have already been disposed of adversely to appellant, all assignments of error to the refusal of the court to sustain the exceptions are overruled.

[6] Another exception urged to the petition was that, according to the allegations therein contained, the contract alleged was for the purchase from the defendants of land, not owned by any individual, but belonging to the state, and that therefore the contract was void and could not constitute any legal basis for the relief sought. The deeds executed to plaintiffs furnished no consideration for the $1,800 paid by them to defendants. If the lands had been public free school lands, the contract to convey them was not enforceable, but it was not illegal and did not preclude a recovery of the consideration paid for the lands. The suit was not to enforce the contract, but it was to recover the money obtained by defendants without paying any consideration therefor. Indeed, the contract to convey had been performed by the execution of the deeds. The contract to convey and the execution of the deeds were alleged for the sole purpose of showing a failure of consideration for the money paid to the de-

fendants and a consequent right to recover it. Lamb v. James, 87 Tex. 485, 29 S. W. 647; Rayner Cattle Co. v. Bedford, 91 Tex. 650, 44 S. W. 410, 45 S. W. 554; Williams v. Finley, 99 Tex. 468, 90 S. W. 1087; Moreland v. Atchison, 19 Tex. 303; Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717. It was shown beyond controversy that plaintiffs paid to appellant the $1,800, which was divided between the two defendants, and therefore there was no error in the charge that appellant had admitted the receipt of $1,800, nor in rendering judgment jointly against the two defendants for the fraud practiced, in the sum of $1,800, less a credit of $300 for crops grown on the land.

[7] Complaint is made of the refusal of appellant's requested instruction reading: "You are charged that the burden of proving each material fact going to make up plaintiffs' case rests upon the plaintiffs, and that they must establish the same by a preponderance of the testimony introduced in this case, and, unless the plaintiffs have established each of the material facts going to make up their case, then your verdict will be for the defendant D. A. Goodwin, and you will so say by your verdict." Upon the burden of proof, the court gave the following instruction: "The burden rests upon the plaintiffs to establish their right of recovery by a preponderance of the testimony, and, unless you find from such preponderance of the evidence that the lands purchased by plaintiffs, or the greater part thereof, is covered by and in conflict with older surveys, then you should find for the defendants." We think the charge given was sufficient, and that there was no error in refusing the requested instruction.

We have found no error in the record, and the judgment is affirmed.