## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. DENTON. (No. 3280.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1926. Rehearing Denied Nov. 18, 1926.)

**1. Damages ☞112—Permitting recovery for fire set by railroad for destruction of grass as "loss of plant food," thereby permitting recovery for injury to realty not proved, held error.**

In action for damages for fire claimed set by railroad, permitting recovery for destruction of grass of plaintiff's land as a "loss of plant food," thereby practically permitting a recovery for injury to realty, *held* error, where no proof was offered as to diminution of value of land.

**2. Appeal and error ☞932(1)—Court presumes on appeal that recovery in amount raised by pleading and proof was allowed.**

Where pleading and proof fixed item of recovery at certain sum, it is presumed on appeal that court allowed recovery in that sum.

**3. Costs ☞231(3)—Defendant held entitled to costs of appeal, where plaintiff recovered lesser amount in county court than before justice.**

Where plaintiff's recovery in county court was for less amount than adjudged in justice court, defendant should have been awarded costs of appeal.

Appeal from Upshur County Court; S. J. Moughon, Judge.

Action by Scamp Denton against the St. Louis Southwestern Railway Company of Texas, begun in justice court. Judgment was rendered for plaintiff in justice court, and on appeal in county court for a less amount than adjudged in justice court, and defendant appeals. Reformed and affirmed.

---

This action is to recover damages caused by a fire which burned fence posts, growing grass, and unmatured cotton on the plaintiff's land, and injured growing trees thereon. The market value of the grass for pasturage and hay purposes was claimed. Also damages to the sum of $30 was specially claimed in the destruction of the turf and grass as "loss of plant food" as an injury to the land itself. The defendant demurred to the claim of the plaintiff, and the demurrer was overruled. The case originated in the justice court, and on appeal to the county court the plaintiff was awarded a judgment for a less amount than was adjudged in the justice court. No reasons are stated in the record or judgment of the county court for adjudging costs otherwise than as provided by statute.

W. R. Stephens, of Gilmer, for appellant.
M. B. Briggs, of Gilmer, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The appellant assigns errors upon overruling a demurrer and objections to evidence relating to a recovery for destruction of the grass as a "loss of plant food," and in not awarding a recovery of the costs of the county court. These assignments should be sustained. Grass growing in the soil may have value for pasturage or hay, considered as a crop. Turf and grass roots may also have value as "plant food" in the soil, causing the land to produce more abundantly. But the claim that the destruction of the turf or grass roots was also an injury in the "loss of plant food," as enriching the soil, is practically an action for injury to realty. The usual consequence of the "loss of plant food" in the soil is to render the land less fruitful or productive, to a varying degree. Such damages are usually measured by the diminution of the value of the land. Railway Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; Railway Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365. Therefore the objection should have been sustained to the proof otherwise offered on such item of damages, and the court was in error in awarding damages thereon. As the pleading and proof fixed that item at $30, it is presumed that the court allowed a recovery in that sum..

[3] The recovery in the county court was for a less amount than was adjudged in the justice court. No reason was stated in the county court judgment for adjudging costs of the appeal otherwise than as provided by statute. Railway Co. v. King, 57 Tex. Civ. App. 583, 122 S. W. 925.

The record does not show that the court allowed any recovery for the cotton, and consequently that assignment is overruled.

The appellee asks that in case the errors are sustained the judgment be reformed and affirmed instead of remanding the cause, and it is accordingly so done. The judgment is reformed so as to deny a recovery for the item of $30 as for the value of plant food or soil enrichment, and to tax the costs of the county court against the appellee. The appellee to pay costs of appeal.