## WILLIAMS v. CITY OF DALLAS.

### No. 12711.

Court of Civil Appeals of Texas. Fort Worth.
June 25, 1932.

J. L. Zumwalt, of Dallas, for appellant.

Sullivan, Speer & Minor, of Denton, and Hugh S. Grady, W. Hughes Knight, A. J. Thuss, and H. P. Kucera, all of Dallas, for appellee.

CONNER, C. J.

This appeal is from an order of the district court of Denton county transferring appellant's suit to a district court of Dallas county. We have no statement of facts, but the trial court's findings and the record discloses that the present suit was instituted in the district court of Denton county on the 11th day of February, 1930. In the plaintiff's petition it is alleged and the court finds that the city of Dallas, a municipal corporation organized under the laws of Texas, during the years 1926, 1927, and 1928, constructed in Denton county, Tex., a huge dam across the North fork of the Trinity river for the purpose of supplying said city and its citizens with the necessary waters for all purposes; that said dam is about two miles in length and constructed principally of earth and of the height of 40 feet, thus impounding an immense body of water; that plaintiff's land lies adjacent to said dam and on the down side of said stream; "that said defendant for a valuable consideration agreed in writing to protect plaintiff's said lands from any drainage other than the natural surface flow of water of storm waters which had or might fall; that said defendant has failed and refused to control the waters impounded in said lake in that it has permitted seepage from said lake to run through said dam and drain upon the land of the plaintiff and has greatly injured and damaged all of said lands of the plaintiff."

Then follow allegations that the plaintiff owns a tract of about 106⅔ acres immediately south of the dam, with a new dwelling thereon; that seepage covers some 56 acres of the land which has been totally destroyed and rendered unfit for cultivation or other use; that it causes offensive odors and so fills the land with water as to render it unfit for pasturage, etc.; and prayed to recover land values.

The defendant city in due time and form presented its plea of privilege to be sued in Dallas county. The plea, in addition to the city's allegations of its due incorporation and location in Dallas county, and other necessary allegations, specially alleged that on the 14th day of January, 1929, the plaintiff had instituted a suit against the city of Dallas in the district court of Denton county, in which he alleged substantially the same cause of action against the city of Dallas; that thereafter in due time, after the service of citation upon the city, the city filed its plea of privilege to be sued in the district court of Dallas county, the place of its domicile and its place of business; that on the 9th day of March, 1929, the plea of privilege was controverted, and the issues thus formed were duly heard in the district court of Denton county, and said plea of privilege was sustained and the cause ordered to be transferred to the district court of Dallas county. It was further alleged that, while the plaintiff, Williams, excepted to the ruling of the court, he never perfected his appeal from the order sustaining

the plea of privilege, and that the time for such appeal or review of the ruling of the trial court has expired, by reason of which the order is final and conclusive of the issue presented on the hearing of the present plea.

It is undisputed and the court finds that this special plea of former adjudication upon the part of the city is true, and we so find. The fact that the former order of transfer is interlocutory does not alter its binding effect. In Freeman on Judgments, § 29, approved by our Supreme Court in the case of Linn v. Arambould, 55 Tex. 611, a final decree is defined as follows: "A final decree is one which disposes of the cause, either by sending it out of the court before a hearing is had on the merits, or after a hearing on the merits, decreeing either in favor of or against the prayer of the bill."

In Crane v. Leon & H. Blum, 56 Tex. 325, loc. cit. 330, the following is said: "The administration of all human laws must necessarily be as imperfect as are the instruments through which they are administered; and that in some instances the adjudications of the courts may operate a hardship upon particular individuals, furnishes no reason why a cause once determined upon its merits should not be held conclusive between the parties thereto and their privies, in reference to all matters therein involved and determined; the good of society and the preservation of rights and good order require that, when once the rights of parties have been determined by the ultimate tribunal provided by law for their adjudication, that the same shall pass from the field of strife forever; any other rule would but fill the courts with causes which have been once determined, and render all rights of property uncertain and the most solemn judgments a mockery."

See, also, Carter v. Calhoun (Tex. Civ. App.) 6 S.W.(2d) 191, Scott v. Clark (Tex. Civ. App.) 38 S.W.(2d) 382, and H. H. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, in which cases it has been expressly decided that an order of the court on a hearing of a plea of privilege, unappealed from and not set aside, is res adjudicata of the issues joined in the plea.

It follows that, if the cause of action presented in the present suit is substantially the same as presented in the former suit, the judgment below transferring the venue to a district court of Dallas county was a proper one, even though the order transferring the venue of the former suit was erroneous. In other words, the former order, not having been appealed or otherwise set aside, became final and as such the law of the case. The vital question, therefore, for our determination, is whether the cause of action declared upon in the two suits is substantially the same. The trial court found that it is, and we are not prepared to hold to the contrary.

In Black's Law Dictionary (2d Ed.) "cause of action" is defined as: "Matter for which an action may be brought. The ground on which an action may be sustained. * * * The term is synonymous with right of action, right of recovery."

In 1 Cyc. p. 641, it is said: "The term 'cause of action,' in law, is generally understood as meaning the whole cause of action; that is, every fact which it is necessary to establish in order to support the right to judicial relief. As otherwise defined it consists in a right in the plaintiff, a correlative duty or obligation resting on the defendant, and some act or omission done by the latter in violation of the right."

We find the following definition in Texas Jurisprudence, vol. 1, page 621, § 15: "A cause of action may be defined as a fact or facts entitling one to institute and maintain an action, which must be alleged and proved, in order to obtain relief. The term is not synonymous with 'action,' 'cause' or 'suit,' and is clearly distinguishable from the 'object of the action,' the 'relief' or 'remedy,' and the 'right of action.' * * *"

Appellant insists that the cause of action in the two suits under consideration were different; that in the first suit they did not sue to recover damages to appellant's land, but, on the contrary, only sought to recover the value of the crops destroyed, the rental value of the lands rendered unfit by the seepage of the water, the value of the animals that had wandered upon the boggy land and were lost, and elements of damage of like character; and that the present suit is one that falls within subdivision 14 of article 1995, Revised Statutes, prescribing the venue of suits which declares that: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellant also cites the following cases: Smith v. T. & P. Ry. Co. (Tex. Civ. App.) 180 S. W. 920; St. Louis Ry. Co. v. Denton (Tex. Civ. App.) 288 S. W. 476; Houston & Tex. Cent. Ry. Co. v. Ellis, 111 Tex. 15, 224 S. W. 471; Missouri-Kansas-Texas Ry. Co. v. Williams (Tex. Civ. App.) 5 S.W.(2d) 575; Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; City of Amarillo v. Ware (Tex. Com. App.) 40 S.W.(2d) 57.

We think, however, the grass burning and other cases cited must be distinguished from the case before us, in that the cause of action in those cases were occasional only, based on the ground of negligence, or where the structure was an abatable nuisance. We have already quoted from the petition in the present suit where it is alleged that "said defendant for a valuable consideration agreed to protect plaintiff's said lands from drainage other than the natural surface flow of water of

storm waters which had or might fall," etc. Plaintiff's petition in the former suit introduced the case, among other things, by the following allegations: "That the land of the plaintiff lies adjacent to said dam on the down side of the stream from said dam and that in the construction of said dam and for a valuable consideration with him the City of Dallas contracted to protect the lands of plaintiff from any drainage other than the natural flow of the storm waters which had fallen in a natural way long prior to the erection of the aforesaid dam, but that said City of Dallas has failed and refused to control the waters impounded in said lake, in that, they have permitted seepage from said lake to run through said dam and drain onto the land of the plaintiff since about the 1st day of January, 1928, and that said seepage has continued to spread out on plaintiff's land from the time the same started to this time."

Then follow allegations that during the year 1928 the land had been planted in cotton and about 20 acres destroyed to plaintiff's damage, etc.; that the land had been used as a pasture for live stock, had become boggy and water soaked; that certain animals owned by the plaintiff had wandered thereon and become damaged in an amount stated; that the rental value was as stated—for all of which he sought a recovery.

It is thus seen that in both suits the action appears to have been founded substantially, if not altogether, upon a breach of contract. It is not alleged that the contract was performable in Denton county, nor does it seem that plaintiff's action in the present case is founded upon the constitutional guaranty contained in section 17, article 1, of our Constitution, which declares that: "No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person. * * *"

██ The second suit appears to present a mere amplification of the injuries caused by the construction of the city's dam and the breach of contract set up in both pleadings, and hence does not constitute a new cause of action. Johnson v. Tex. Cent. Ry. Co., 42 Tex. Civ. App. 604, 93 S. W. 433; Atchison, T. & S. F. Ry. Co. v. Veale & Co., 39 Tex. Civ. App. 37, 87 S. W. 202, writ refused; Galveston, H. & S. A. Ry. Co. v. Perry, 38 Tex. Civ. App. 81, 85 S. W. 62; Ford Motor Co. v. Maddox Motor Co. (Tex. Civ. App.) 48 S.W.(2d) 735. It is evident that the dam is a permanent structure, erected by a municipality for a public use under legislative authority, and therefore neither abatable nor legally a nuisance. In the case of Baugh v. Tex. N. O. Ry. Co., 80 Tex. 56, 15 S. W. 587, it is said: "When a nuisance is created by the construction of works in their nature permanent and which, as sometimes occurs in case of works for a public use, are not subject to be abated, the rule is that all damages resulting therefrom to property may be recovered in one action, and the proper measure of damages is the depreciation in the value of the property. Rosenthal v. Railway, 79 Tex. 325, 15 S. W. 268; Railway v. Hall, 78 Tex. 169, 14 S. W. 259 [9 L. R. A. 298, 22 Am. St. Rep. 42]. That rule also applies when the injury resulting from the nuisance is of a permanent character. But when the nuisances complained of are of a temporary character, such as may be voluntarily removed or avoided by the wrong-doer, or such as the injured party may cause to be abated, only such damages as have accrued up to the institution of the suit or (under our system) to the trial of the action can be recovered. For such damages depreciation in the value of the property affected by the injury is not a measure, and in such a suit the amount of such depreciation cannot be recovered."

To the same effect, see Missouri-Kansas-Texas Ry. v. Williams (Tex. Civ. App.) 5 S.W. (2d) 575.

The plaintiff's remedy, therefore, for the damages set up in the present suit, was recoverable in the first, which, as we have already seen, was legally transferred to the district court of Dallas county, where, as stated by counsel on the submission, it yet remains undisposed of.

Moreover, it is apparent that in both suits plaintiff sets up the same written contract, alleged to be upon a valuable consideration, and the breach thereof as the basis of his cause. As stated, it is not alleged that the contract by its terms was performable in Denton county. In Houston L. & P. Co. v. Jenkins (Tex. Civ. App.) 5 S.W.(2d) 1030, it is held that a petition alleging that defendant electric company destroyed and injured trees on plaintiff's property in constructing a power line and refused to pay damages as it had agreed to do in written contract giving it an easement or right of way over plaintiff's lands, stated a cause of action for breach of contract to pay damages under article 1995, Rev. Statutes, subd. 5, requiring trial in county of defendant's domicile in absence of contrary agreement, and was not a tort action for damages to realty within subdivision 14, which required the suit to be brought where the land is situated.

Appellee has not sought to have the judgment set aside and the present cause dismissed, but rests its case upon the contention that the order of transfer should be sustained.

We accordingly conclude, without further discussion, that the trial court's findings of fact and conclusions of law should be adopted and the judgment or order appealed from affirmed.